FILED

2018 NOV -2 AM 10: 28

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TGO REALTY, INC., a Florida for profit real estate corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLOVER, an individual and FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., a Florida for profit real estate corporation, and PATRICK F. CONNOR, an individual,<br><br>Defendants. | Case No. 6:18-CV-1867-ORL-28-KRS<br><br>Brevard County Case No.: 2017-CA-034680 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, DAVID GLOVER, an individual, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., a Florida for profit real estate corporation, and PATRICK F. CONNOR, an individual (collectively "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby file this Notice of Removal and in support thereof, state as follows:

1. Removal of this cause is authorized and filed pursuant to 28 U.S.C. §§ 1331 and 1441.

2. On July 5, 2017, Plaintiff initiated an action against Defendants in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Civil Division, Case Number 05-2017-CA-034680.

3. The Summons, original Complaint in the aforementioned state court action were served on Defendants, on July 8, 2017. True and correct copies of the Summons, Complaint, and

1

all other process and pleadings served upon Defendants in this cause (except discovery) are attached hereto as Composite Exhibit "1."

4. The original and amended complaints only alleged causes of action for Slander Per Se and Slander Per Quod.

5. On October 5, 2018, the State Court granted Plaintiff leave to file a Second Amended Complaint adding the following claims arising under both state and federal law:

    a. Violations of the Lanham Act, 15 U.S.C. § 1125(a)

    b. Trade Name and Service Mark Dilution

    c. Trade Name and Service Mark Infringement (Florida Common Law)

    d. Unfair Competition (Florida Common Law)

    e. Cyberpiracy (Lanham Act 15 U.S.C. § 1125(d))

    f. Injunctive Relief under Florida Law and Lanham Act

    g. Lanham Act, Florida Anti-Dilution Statute and Florida Common Law

6. Plaintiff served the order granting leave to amend and the Second Amended Complaint on Defendants on October 12, 2018. True and correct copies of the order and the Second Amended Complaint are attached hereto as Exhibit "1."

7. Thereafter, on October 24, 2018, Plaintiff filed and served a Second Amended Complaint (Corrected), which did not remove or alter the federal claims underlying this removal. A true and correct copy of the Notice of Filing Second Amended Complaint (Corrected) and the attached Second Amended Complaint are attached hereto as Exhibit "1."

8. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. This Court has original

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 over Plaintiff's Lanham Act claims as they arise under the Constitution, laws, or treaties of the United States. *Id.*

9. Defendants are entitled to remove Plaintiff's Second Amended Complaint to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

10. Accordingly, Defendants are entitled to remove Plaintiff's Second Amended Complaint to this Court because this Court has original jurisdiction over the new claims and the state court action is currently pending in this District and Division. *Id.*

11. This Notice is being "filed within thirty days after receipt by the defendant[s], through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1467(b)(3).

12. Defendants were served with the order and Second Amended Complaint on October 12, 2018, which is the first pleading setting forth claims arising under federal law. Therefore, this Notice is timely filed.

13. Furthermore, all Defendants that have been served and appeared in this litigation have consented to the removal of this case in accordance with Section 1467 and file this Notice of Removal jointly.

14. Because this Court has original jurisdiction over Plaintiff's Lanham Act claims, the Court also has supplemental jurisdiction over Plaintiff's claims arising under Florida law. 28 U.S.C. § 1367(a).

15. This Court should exercise supplemental jurisdiction over Plaintiff's claims arising under Florida law because all of the claims alleged in the Second Amended Complaint arise from the same core of alleged operative facts and involve substantially similar questions of law, and therefore form part of the same case or controversy. *Id.* Moreover, the claims brought under Florida law do not involve novel or complex issues of state law, and there are no other considerations that would prevent this Court from adjudicating those claims.

16. Based on the foregoing, all claims alleged in the Second Amended Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

17. The Notice of Removal attached hereto will be promptly served on all adverse parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. §1446(d).

WHEREFORE, Defendants respectfully request that this case proceed in this Court as an action properly removed to it, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

DATED: November 2, 2018

Respectfully submitted,

Nelson Mullins Broad and Cassel
By:   /s/ Nicolette C. Vilmos
Nicolette C. Vilmos, P.L. (0469051)
Email: nicolette.vilmos@nelsonmullins.com
Bank of America Center
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: 407.839.4200
Facsimile: 407.425.8377

and

/s/ James R. Myers
James R. Myers, Esq. (896489)
Chartwell Law

12486 Brantley Commons Court
Fort Myers, FL 33907
Main (239) 489-1911
Fax (239) 425-3509
jmyers@chartwelllaw.com

*Attorneys for Defendants, Flag Agency, Inc., d/b/a Century 21 Flag Agency, Inc., and Patrick F. Connor*

and

/s/ Maurice Arcadier
Maurice Arcadier, Esquire (0131180)
Stephen Biggie, Esquire (0084035)
Joseph C. Wood, Esquire (0093839)
Ethan B. Babb, Esquire (127488)
Arcadier, Biggie And Wood, PLLC
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
office@wamalaw.com
arcadier@wamalaw.com

*Attorneys for Defendant David Glover*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served via electronic mail delivery this day on all counsel of record identified below.

| | |
|---|---|
| Liam P. Kelly, Esquire (0848867)<br>Liam P. Kelly, P.A.<br>10761 SW 104th Street<br>Miami, FL 33176<br>lkelly@liamkellylaw.com<br>Attorney for Plaintiff<br><br>Shannan Field, Esq. (95572)<br>The Law Office of Shannan M. Field, PA<br>1079 Cheney Highway<br>Titusville, FL 32780<br>shannanfield@yahoo.com<br>Attorney for Defendant David Glover | Maurice Arcadier, Esquire (0131180)<br>Stephen Biggie, Esquire (0084035)<br>Joseph C. Wood, Esquire (0093839)<br>Ethan B. Babb, Esquire (127488)<br>Arcadier, Biggie And Wood, PLLC<br>2815 W. New Haven, Suite 304<br>Melbourne, Florida 32904<br>office@wamalaw.com<br>arcadier@wamalaw.com<br>Attorneys for Defendant David Glover |

/s/ Nicolette C. Vilmos
Nicolette C. Vilmos
Florida Bar No.: 0469051