Composite Exhibit 1

Filing # 58602841 E-Filed 07/05/2017 02:02:32 PM

*KL 502*
*7/8 4:10PM*

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680-XXXX-XX

TGO REALTY, INC., a Florida
for profit real estate corporation,

     Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and
PATRICK FLOYD CONNER, an individual,

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of Plaintiff's Statement of Claim in this action upon Defendant:

     **FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc.**
     **840 Garden Street**
     **Titusville, Florida 32796**

Defendant is required to serve written defenses to the Statement of Claim on Liam P. Kelly, Esq., Plaintiff's attorney, whose address is:

     Liam P. Kelly, Esq.
     Liam P. Kelly, P.A.
     lkelly@liamkellylaw.com
     10761 SW 104th ST
     Miami, FL 33176
     Telephone: (786) 515-2786

Defendant is required to serve written defenses within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Statement of Claim.

~~IXXIBXHHXSXXIXX~~

SCOTT ELLIS
Clerk of the Court

**(Court Seal)**

DATED 07/06/2017

**As Deputy Clerk**

If the party serving summons has designated e-mail address(es) for service or is represented by an attorney, you may designate e-mail address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

Copies of all court documents in this case, including orders, are available at the Clerk of the Court's office. You may review these documents, upon request. You must keep the Clerk of the Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the Clerk's office.

## AMERICANS WITH DISABILITIES ACT NOTICE



If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Maria E. Mihaic, the Eleventh Judicial Circuit's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, Florida 33128; Telephone (305) 349-7175; TDD (305) 349-7174; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

Filing # 58602841 E-Filed 07/05/2017 02:02:32 PM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and
PATRICK FLOYD CONNER, an individual,

      Defendants.

_____/

## COMPLAINT

Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and states:

### THE PARTIES

1.     Plaintiff, TGO REALTY, INC., is a Florida for profit real estate corporation, license no. CQ1002000, with its principal offices in Titusville, Florida.

2.     Defendant, DAVID GLOVER, an individual, currently holds a real estate sales associate license issued August 30, 2016, no. SL3365318, is currently employed by Defendant, FLAG AGENCY, INC., is a resident of Titusville, Florida, and is otherwise *sui juris*.

3.     Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., is a Florida for profit real estate corporation, license no. CQ169900, with its principal offices in Titusville, Florida.

4.     Defendant, PATRICK FLOYD CONNER, an individual, is a real estate broker, license no. BK199779, is the qualifying broker for Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., is a resident of Titusville, Florida, and is otherwise *sui juris*.

## JURISDICTION AND VENUE

5.     This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

6.     The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and/or carry out a business or business venture within the state of Florida.

7.     Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017) because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

## FACTUAL BACKGROUND

8.     The Great Outdoors ("TGO") is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes. The resort offers amenities such as a championship golf course, fine dining, pools, spas and a fitness center.

9.     Defendant, DAVID GLOVER, and his wife, Melanie Glover ("the Glovers") are residents of The Great Outdoors, and own two homes at the resort, one at 546 Twin Lakes Drive, and another at 785 Plantation Drive.

10.     For several years, and since at least June of 2016, the Glovers have engaged in an unlawful scheme of leasing their homes at the resort to tourists as unlicensed vacation rental properties.   However, neither DAVID GLOVER, nor Melanie Glover, hold an occupational license to operate a lodging establishment in Brevard County, and neither holds a license from the Department of Business and Professional Regulation, Division of Hotels and Restaurants, to operate a vacation rental property in Florida.

11.     Moreover, the Glovers have engaged in deceptive and unfair business practices in renting their homes, and have also unlawfully acted, and purported to act, as real estate brokers, without being licensed to do so.   The Glovers' unfair and deceptive trade practices include, but are not limited to:

2

a)      falsely representing that the Glovers had the authority to lawfully offer rental properties for lease that were not owned by them;

b)      accepting money from persons without delivering the promised vacation rental properties, and thereafter unlawfully retaining said monies;

c)      attempting to "back end" unfair terms and conditions upon renters, to unfairly deceive renters that the Glovers are entitled to retain their funds, or are entitled to additional funds;

d)      falsely representing to consumers that the Glovers are a professional vacation rental property business, that owns multiple properties, when in truth, the Glovers in fact unlawfully lease only their two personal residences to consumers as unlicensed homeowners;

e)      accepting money from persons seeking to lease a vacation rental property without first providing a written contract or agreement for said persons to review and sign before accepting funds;

f)      holding themselves out and engaging in the vacation rental property business without being licensed at the state, county, or municipal levels;

g)      holding themselves out and engaging in the profession of real estate brokers without being lawfully licensed as real estate brokers;

h)      holding themselves out and engaging in the vacation rental property business without a valid occupational license from Brevard County, the local municipality, or the Department of Business and Professional Regulation, Division of Hotels and Restaurants, to operate vacation rental properties in Florida;

i)      engaging in bait and switch schemes whereby the Glovers offer properties for lease that they are unable to lawfully lease, and then switching consumers to one of two properties owned by the Glovers;

j)      making false statements on their website to suggest that the Glovers are a properly licensed vacation rental property business;

k)      promising to return deposits accepted from consumers, then refusing to do so;

3

l) making false statements that bookings are under any circumstances confirmed, when in fact said bookings are not in fact confirmed;

m) failing to disclose what the Glovers were to be paid for providing services as a broker;

n) falsely stating that they are in late talks toward buying properties held out for lease to consumers to deceptively obtain monies from said consumers for the lease of said properties;

o) leasing their personal residences as vacation rental properties and then fraudulently extorting payments from consumers after they leave for fraudulent cleaning costs and similar false charges, in exorbitant amounts, threatening legal action if consumers fail to meet their demands.

12. Moreover, while performing unlicensed brokerage services, and on at least one occasion which gave rise to a pending civil lawsuit, the Glovers have stolen $10,000.00 accepted by them directly for the lease of a vacation rental property owned by a third party that they had no authority to lease, or offer for lease. These funds were never returned to the consumer.

13. Unfortunately, on August 30, 2016, Defendant, DAVID GLOVER became licensed as a real estate sales associate in Florida and was hired by Island Living Real Estate to work as an employee sales associate.

14. During his employment with Island Living Real Estate, DAVID GLOVER continued to engage in fraudulent conduct. Among other things, DAVID GLOVER attempted to fraudulently pass himself off as an employee of Plaintiff, TGO REALTY, INC. when dealing with third parties.   Similarly, during his employment with Island Living Real Estate, DAVID GLOVER used improper and misleading signage and brochures in connection with his work as a sales associate, in violation of Florida Real Estate Commission ("FREC") rules.

15. Eventually, Island Living Real Estate personnel discovered DAVID GLOVER's fraudulent and misleading conduct, and the pending litigation against him, and his employment was terminated for failing to disclose said litigation. Due to the limitations of his license, DAVID

GLOVER cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker.

16.     Some time after his termination, he was hired by Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, to be a sales associate.

17.     Despite losing his job with Island Living Real Estate for his improper conduct, DAVID GLOVER continued engaging in improper conduct with his new employer, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, his qualifying broker.

18.     Specifically, from the time of his termination from Island Living Real Estate, DAVID GLOVER began focusing on slandering Plaintiff in a deliberate and malicious manner.

19.     While performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying Defendants' yard signs and advertisements.

20.     While performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers.

21.     While performing his duties as a sales associate with Island Living Real Estate, DAVID GLOVER published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

22.     On May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, did maliciously lie and tell a home seller and others that TGO

5

Realty sales associates are not licensed.

23.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed could not legally show properties for sale.

24.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

25.     In June of 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER,  maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that DAVID GLOVER had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property. DAVID GLOVER also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

26.     In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn that he had chosen to list with DAVID GLOVER and Defendants after hearing about Defendants' signs being destroyed or removed and implied he felt TGO Realty was responsible for those actions, which persuaded him to list with Defendants.

27.     To date, Defendants' unlawful conduct and slander has resulted in some 17 former customers of TGO Realty, with a combined $3,086,900.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

6

28.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, were aware of the lies being told by their employee, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

29.     DAVID GLOVER's employer, and qualifying broker, have each failed to direct, control, or properly manage him in the performance of his duties, in violation of § 475.25(1)(u), and Florida law.

30.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, are vicariously liable for DAVID GLOVER's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of DAVID GLOVER's defamatory statements, which resulted in additional business and commissions for Defendants.

31.     FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker were made aware of the slanderous statements of DAVID GLOVER.   However, neither FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., nor PATRICK FLOYD CONNER took any steps to investigate or discipline DAVID GLOVER, or otherwise stop his defamatory statements about Plaintiff.

32.     On April 24, 2017, Chad P. Conner, of FLAG AGENCY, INC., acknowledged to Plaintiff that he was aware of the statements made by DAVID GLOVER that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants, and was aware of DAVID GLOVER's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask DAVID GLOVER to provide them to him.

33.     Defendant, PATRICK FLOYD CONNER, as qualifying broker, is liable for DAVID GLOVER's defamatory statements directed against Plaintiff pursuant to Florida law and FREC rules by virtue of his duties as qualifying broker at FLAG AGENCY, INC.

7

34.    All conditions precedent to this action have been performed, waived or excused.

## COUNT I
### Slander Per Se

35.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36.    Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

37.    Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

38.    Certain of the falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by DAVID GLOVER would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

39.    A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

40.    Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, DAVID GLOVER, has made against Plaintiff.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT II
### Slander Per Quod

41.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

42.     Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

43.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

44.     The falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

45.     The falsehoods uttered by DAVID GLOVER to third parties were intended by DAVID GLOVER to injure Plaintiff and were made with malice.

46.     Plaintiff has been damaged by DAVID GLOVER's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

9

## COUNT III
### Deceptive and Unfair Trade Practices
Chapter 501 Florida Statutes

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

48.     Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER are engaged in the real estate brokerage business.

49.     Florida's Deceptive and Unfair Trade Practices Act is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

50.     In conducting their trade or business, Defendants engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices. These unfair and deceptive trade practices include, but are not limited to falsely representing to consumers and other third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

51.     Defendants' unfair and deceptive trade practices have caused damages to Plaintiff, including loss of business, goodwill, and commissions.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, attorneys' fees, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

Dated: July 5, 2017

10

Respectfully submitted,

**LIAM P. KELLY, P.A.**
Attorney for Plaintiff
10761 SW 104th Street
Miami, Florida 33176
Telephone: (786) 515-2786
E-mail:  lkelly@liamkellylaw.com

     s/ Liam P. Kelly

By:_____
        LIAM P. KELLY
     Florida Bar No.: 0848867

11

Filing # 59603718 E-Filed 07/27/2017 02:04:33 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CASE NO. 05-2017-CA-034680

TGO REALTY, INC., a Florida for profit
real estate corporation,

       Plaintiff,

vs.

DAVID GLOVER, et al.,

       Defendants.

_____/

## MOTION TO DISMISS

       COMES NOW co-Defendant PATRICK FLOYD CONNER, by and through his undersigned attorney, and pursuant Rule 1.140(b) Fla. R. Civ. P., moves to dismiss the Complaint filed herein and in support thereof states:

### AS TO ALL COUNTS

1.     The Complaint fails to state a cause of action in that it fails to set forth sufficient grounds for injunctive relief in that it fails to allege irreparable harm to Plaintiff, ongoing harm to the Plaintiff, a clear legal right under theories of slander, slander per quod, or any statutory violation, an inadequate remedy at law, or that the public interest would be served by injunction. Furthermore, the Complaint shows on its face that damages would constitute the appropriate remedy for Plaintiff in this cause.

2.     The Complaint fails to state a cause of action in that the statute referred to in paragraph 29 does not refer to or provide a cognizable action and, specifically, places jurisdiction over any violation thereof with Department of Business & Professional Regulation, State of Florida.

3.      This Court is without jurisdiction over this matter for the reasons set forth in paragraph 2 hereof.

4.      The Complaint fails to state a cause of action in that it fails to establish or allege the reputation of the Plaintiff.

5.      The Complaint fails to state a cause of action in that it fails to allege any instance of disgrace and humiliation suffered by Plaintiff as a result of the co-Defendant's actions.

6.      The Complaint fails to state a cause of action in that it fails to allege any direct or proximate damage caused by the alleged actions of co-Defendant.

7.      The Complaint fails to state a cause of action in that it fails to allege what specific provision of "Florida law and FREC" have been violated nor does it identify and define the meaning of those terms.

### AS TO COUNT II

8.      The Complaint fails to state a cause of action in that it fails to allege any extrinsic fact which would justify or support an action per quod.

### AS TO COUNT III

9.      The Complaint fails to state a cause of action in that it fails to identify which specific provision(s) of § 501, et seq., Fla. Stat. is/are claimed as statutory violation.

10.     The Complaint shows on its face that Count III is barred by the provisions of §501.212(6), Fla. Stat.

11.     Co-Defendant has retained the services of Cantwell & Goldman, P.A. to represent him in this cause and is obligated to pay it a reasonable attorney's fee, for which Plaintiff is liable pursuant to the provisions of § 501.2105, Fla. Stat.

WHEREFORE co-Defendant prays that this cause will be dismissed and that he be awarded all costs of this action together with a reasonable attorney's fee.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-Mail to Liam P. Kelly, Esq. Attorney for Plaintiff (lkelly@liamkellylaw.com) this 27th day of July, 2017.

**CANTWELL & GOLDMAN, P.A.**
Attorneys for co-Defendant

By: /s/ *J. Wesley Howze*
    **J. Wesley Howze, Esq.**
    Fla. Bar No.: 0181300
    96 Willard Street, Suite 302
    Cocoa, Florida 32922
    Phone: 321-639-1320
    Fax:321-639-9950
    Wes@cfglawoffice.com
    Dale@cfglawoffice.com

Filing # 59560364 E-Filed 07/26/2017 04:21:52 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CASE NO. 05-2017-CA-034680

TGO REALTY, INC., a Florida for profit
real estate corporation,

      Plaintiff,

vs.

DAVID GLOVER, et al.,

      Defendants.
_____/

## MOTION TO DISMISS

COMES NOW co-Defendant FLAG AGENCY, INC., a Florida corporation, by and through its undersigned attorney, and pursuant Rule 1.140(b) Fla. R. Civ. P., moves to dismiss the Complaint filed herein and in support thereof states:

## AS TO ALL COUNTS

1. The Complaint fails to state a cause of action in that it fails to set forth sufficient grounds for injunctive relief in that it fails to allege irreparable harm to Plaintiff, ongoing harm to the Plaintiff, a clear legal right under theories of slander, slander per quod, or any statutory violation, an inadequate remedy at law, or that the public interest would be served by injunction. Furthermore, the Complaint shows on its face that damages would constitute the appropriate remedy for Plaintiff in this cause.

2. The Complaint fails to state a cause of action in that the statute referred to in paragraph 29 does not refer to or provide a cognizable action and, specifically, places jurisdiction over any violation thereof with Department of Business & Professional Regulation, State of Florida.

3.     This Court is without jurisdiction over this matter for the reasons set forth in paragraph 2 hereof.

4.     The Complaint fails to state a cause of action in that it fails to establish or allege the reputation of the Plaintiff.

5.     The Complaint fails to state a cause of action in that it fails to allege any instance of disgrace and humiliation suffered by Plaintiff as a result of the co-Defendant's actions.

6.     The Complaint fails to state a cause of action in that it fails to allege any direct or proximate damage caused by the alleged actions of co-Defendant.

7.     The Complaint fails to state a cause of action in that it fails to allege what specific provision of "Florida law and FREC" have been violated nor does it identify and define the meaning of those terms.

## AS TO COUNT II

8.     The Complaint fails to state a cause of action in that it fails to allege any extrinsic fact which would justify or support an action per quod.

## AS TO COUNT III

9.     The Complaint fails to state a cause of action in that it fails to identify which specific provision(s) of § 501, et seq., Fla. Stat. is/are claimed as statutory violation.

10.     The Complaint shows on its face that Count III is barred by the provisions of §501.212(6), Fla. Stat.

11.     Co-Defendant has retained the services of Cantwell & Goldman, P.A. to represent it in this cause and is obligated to pay it a reasonable attorney's fee, for which Plaintiff is liable pursuant to the provisions of § 501.2105, Fla. Stat.

WHEREFORE co-Defendant prays that this cause will be dismissed and that it be awarded all costs of this action together with a reasonable attorney's fee.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-Mail to Liam P. Kelly, Esq. Attorney for Plaintiff (lkelly@liamkellylaw.com) this 26th day of July, 2017.

CANTWELL & GOLDMAN, P.A.
Attorneys for co-Defendant

By: /s/ J. Wesley Howze
J. Wesley Howze, Esq.
Fla. Bar No.: 0181300
96 Willard Street, Suite 302
Cocoa, Florida 32922
Phone: 321-639-1320
Fax: 321-639-9950
Wes@cfglawoffice.com
Dale@cfglawoffice.com

Filing # 59603718 E-Filed 07/27/2017 02:04:33 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CASE NO. 05-2017-CA-034680

TGO REALTY, INC., a Florida for profit
real estate corporation,

       Plaintiff,

vs.

DAVID GLOVER, et al.,

       Defendants.

_____/

## MOTION TO DISMISS

COMES NOW co-Defendant PATRICK FLOYD CONNER, by and through his undersigned attorney, and pursuant Rule 1.140(b) Fla. R. Civ. P., moves to dismiss the Complaint filed herein and in support thereof states:

## AS TO ALL COUNTS

1.    The Complaint fails to state a cause of action in that it fails to set forth sufficient grounds for injunctive relief in that it fails to allege irreparable harm to Plaintiff, ongoing harm to the Plaintiff, a clear legal right under theories of slander, slander per quod, or any statutory violation, an inadequate remedy at law, or that the public interest would be served by injunction. Furthermore, the Complaint shows on its face that damages would constitute the appropriate remedy for Plaintiff in this cause.

2.    The Complaint fails to state a cause of action in that the statute referred to in paragraph 29 does not refer to or provide a cognizable action and, specifically, places jurisdiction over any violation thereof with Department of Business & Professional Regulation, State of Florida.

3.     This Court is without jurisdiction over this matter for the reasons set forth in paragraph 2 hereof.

4.     The Complaint fails to state a cause of action in that it fails to establish or allege the reputation of the Plaintiff.

5.     The Complaint fails to state a cause of action in that it fails to allege any instance of disgrace and humiliation suffered by Plaintiff as a result of the co-Defendant's actions.

6.     The Complaint fails to state a cause of action in that it fails to allege any direct or proximate damage caused by the alleged actions of co-Defendant.

7.     The Complaint fails to state a cause of action in that it fails to allege what specific provision of "Florida law and FREC" have been violated nor does it identify and define the meaning of those terms.

## AS TO COUNT II

8.     The Complaint fails to state a cause of action in that it fails to allege any extrinsic fact which would justify or support an action per quod.

## AS TO COUNT III

9.     The Complaint fails to state a cause of action in that it fails to identify which specific provision(s) of § 501, et seq., Fla. Stat. is/are claimed as statutory violation.

10.    The Complaint shows on its face that Count III is barred by the provisions of §501.212(6), Fla. Stat.

11.    Co-Defendant has retained the services of Cantwell & Goldman, P.A. to represent him in this cause and is obligated to pay it a reasonable attorney's fee, for which Plaintiff is liable pursuant to the provisions of § 501.2105, Fla. Stat.

WHEREFORE co-Defendant prays that this cause will be dismissed and that he be awarded all costs of this action together with a reasonable attorney's fee.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-Mail to Liam P. Kelly, Esq. Attorney for Plaintiff (lkelly@liamkellylaw.com) this 27th day of July, 2017.

CANTWELL & GOLDMAN, P.A.
Attorneys for co-Defendant

By: /s/ J. Wesley Howze
     **J. Wesley Howze, Esq.**
     Fla. Bar No.: 0181300
     96 Willard Street, Suite 302
     Cocoa, Florida 32922
     Phone: 321-639-1320
     Fax:321-639-9950
     Wes@cfglawoffice.com
     Dale@cfglawoffice.com

Filing # 60121550 E-Filed 08/08/2017 03:22:54 PM

## RETURN OF SERVICE

State of Florida                    County of Brevard                    18th Judicial Circuit Court

Case Number: 05 2017-CA-034680

Plaintiff:
**TGO Realty, Inc., a Florida for profit real estate corporation**

vs

Defendant:
**David Glover, an individual, and Flag Agency, Inc., a Florida for profit real estate corporation, and Patrick Floyd Conner, an individual**

For:
Liam P. Kelly, P A
10761 SW 104th St.
Miami, FL 33176

Received by UVBEENSERVED, LLC on the 14th day of July, 2017 at 5:00 pm to be served on **David Glover, 546 Twin Lakes Dr., Titusville, FL 32780.**

I, Valerie Caudill, do hereby affirm that on the **18th day of July, 2017 at 5:30 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to **David Glover** at the address of **546 Twin Lakes Dr., Titusville, FL 32780,** and informed said person of the contents therein, in compliance with state statutes

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true. Notary Not Required pursuant to F.S. 92.525(2)

Valerie Caudill
#350

UVBEENSERVED, LLC
PO Box 500958
Malabar, FL 32950
(321) 917-8774

Our Job Serial Number: UVB-2017000343
Ref: Kelly/DGlover

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2b

Filing # 60121550 E-Filed 08/08/2017 03:22:54 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

     Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

     Defendants.
_____/

## MOTION FOR CLERK'S DEFAULT

     Plaintiff, TGO REALTY, INC., by and through its undersigned counsel and pursuant to FLA. R. CIV.

P. 1.500(a), hereby ask the clerk to enter a default against Defendant, DAVID GLOVER (DN1), an

individual, for failing to respond as required by law to Plaintiff's Complaint.

Dated: August 8, 2017

                     Respectfully submitted,

                     **LIAM P. KELLY, P.A.**
                     Attorney for Plaintiff
                     10761 SW 104th ST
                     Miami, Florida 33176
                     Telephone: (786) 515-2786
                     E-mail: lkelly@liamkellylaw.com

                             s/ Liam P. Kelly
             By:_____
                     LIAM P. KELLY
                     Florida Bar No.: 0848867

CASE NO.: 05-2017-CA-034680 XXXXXX

## **DEFAULT**

A default is entered in this action against Defendant, DAVID GLOVER, for failure to file or serve any paper as required by law.

Dated: _____

CLERK OF COURT

BY:_____

Deputy Clerk

Filing # 60364167 E-Filed 08/14/2017 02:47:05 PM

## IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA

### CASE NUMBER: 05 - 2017 - CA - 034680 -XXXX-XX

TGO REALTY INC

      **Plaintiff/Petitioner,**

**vs**

DAVID GLOVER ET AL

      **Defendant/Respondent,**

### DEFAULT

IT APPEARING THAT
DAVID GLOVER

the Party(ies) in the above entitled suit having been duly served according to law, and that said Party(ies)

- ☑ have failed to file and serve any paper in the action within the time prescribed by law.
- ☐ have failed to appear at the scheduled Pre-Trial Conference.

Therefore, a DEFAULT is entered in this action against the above named Party(ies).


Dated: _____AUGUST 14_____, 20_17_ .


**Certificate of Service**
I certify that the foregoing document has been furnished to LIAM P KELLY ESQ, _____
lkelly@liamkellylaw.com_____
by ☑email ☐mail on _____AUGUST 14_____, 2017 .

      By _____
                  Deputy Clerk

Law 124 / Rev. 04-27-2017

    1

Filing # 62525013 E-Filed 10/06/2017 03:38:58 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC.,
    Plaintiff,

v.                                   Case No.: 2017-CA-034680-XXXX-XX

DAVID GLOVER,
    Defendant.
_____/

### DEFENDANT'S
### VERIFIED MOTION TO VACATE CLERK DEFAULT

COMES NOW Defendant DAVID GLOVER by and through his undersigned attorney and files this his VERIFIED MOTION TO VACATE CLERK DEFAULT PURSUANT TO FLORIDA RULES OF CIVIL PROCEDURE 1.540(b) and in support states as follows:

### RULE 1.540(b) GENERALLY

1. That Florida Rules of Civil Procedure section 1.540(b) states in part that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect*; (emphasis added).

2. "Florida Rule of Civil Procedure 1.500, which permits the entry of default when the party against whom affirmative relief is sought has failed to file or serve any paper in an action, should be construed liberally to allow trial upon the merits rather than to encourage resolution of legal disputes by default." Nat'l Union Fire Ins. Co. v. McWilliams ex rel. Estate of Meyer, 799 So. 2d 378, 380 (Fla. 4th DCA 2001).

3. Where there exists any reasonable doubt in the matter of vacating a default, it should be resolved in favor of vacatur and allowing a trial on the merits of the case. See N. Shore Hosp., Inc. v. Barber, 143 So. 2d 849, 853(Fla. 1962).

4. This Court has stated that to set aside a default, a court must make a three-prong determination: "(1) whether the defendant has demonstrated excusable neglect in failing to respond (2) whether

the defendant has demonstrated a meritorious defense and (3) whether the defendant, subsequent to learning of the default, had demonstrated due diligence in seeking relief." Elliott, 31 So. 3d at 307.

## STANDARD TO DETERMINE EXCUSABLE NEGLECT

5. The determination of whether particular conduct constitutes excusable neglect entitling one to relief under the rule is a factual one, to be decided by the trial judge see, *Miami-Dade County v. Coral Bay Section C Homeowners Ass'n, Inc.,* 979 So.2d 318, 322 (Fla. 3d DCA 2008).

6. The circumstances constituting excusable neglect, mistake or inadvertence that will justify Rule 1.540 relief are not precisely defined..., the facts of each case are of singular importance in determining whether relief should be granted.

7. Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304 (Fla. 4th DCA 2010) stated "Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir."

8. Florida has a long-standing policy in favor of deciding lawsuits on their merits. Thus, if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.

9. The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. *North Shore Hospital, Inc. v. Barber,* 143 So.2d 849 (Fla. 1962).

10. The Florida Supreme Court has long recognized Florida's public policy of adjudicating cases on the merits. Id. That Defendant asserts he has excusable neglect in the processing of this action and that such has resulted in the entering of a default by the Clerk of court against him which will lead to the entering of a default judgment as against the Defendant without the matter ever being heard in its merits. Courts have interpreted Rule 1.540(b) in its entirety to require a showing of

excusable neglect, assertion of a meritorious defense, and due diligence in seeking to vacate the default. See, *Cinkat Transp., Inc. v. Md. Cas. Co.*, 596 So.2d 746, 747 (Fla. 3d DCA 1992).

11. Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304 (Fla. 4th DCA 2010) "Excusable neglect must be proven by sworn statements or affidivits.' " Geer v. Jacobsen, 880 So.2d 717,720 (Fla. 2d DCA 2004) (quoting DiSarrio v. Mills, 711 So.2d 1355, 1356 (Fla. 2d DCA 1998)).

## SPECIFIC FACTS DEMONSTRATING EXCUSABLE NEGLECT

12. That when Defendant first learned of this Action he brought it to the attention of his real estate broker. Defendant was under the assumption that he would be covered under the Errors and Omissions Insurance through his real estate broker. Once it was realized Defendant was not covered under the Errors and Omissions Insurance Defendant brought this matter to Defendant's Attorney's attention. Upon said contact Defendant's Attorney has executed this Motion immediately thereafter.

## DUE DILIGENCE FROM TIME DEFUALT DISCOVERED

13. The undersigned counsel was retained by the Defendant and has immediately filed this Motion and had the Defendant verify the same in and effort to act with due diligence to set aside the default that was entered by the clerk of court in this matter.

14. Due diligence, which is a test of reasonableness, must be evaluated based on the facts of the particular case. Franklin v. Franklin, 573 So.2d 401, 403 (Fla. 3d DCA 1991). Due diligence must be established with evidence, which includes a sworn affidavit. Cedar Mountain Estates, LLC v. Loan One, LLC, 4 So.3d 15, 17 (Fla. 5th DCA 2009).

15. Elliott v. Aurora Loan Servs., LLC, 31 So.3d 304 (Fla. 4th DCA 2010 ... Upon discovering the default, the Elliotts filed the verified motion to vacate the default, along with the proposed answer

and affirmative defenses; Only six days elapsed between the time the default was discovered and the time the motion to vacate was filed. It has been held that six-day, seven-day, and fifteen-day time lapses between the discovery of a default and the filing of a motion to vacate that default showed due diligence. (See Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 303 (Fla. 2d DCA 2004) (citing Goodwin v. Goodwin, 559 So.2d 109 (Fla. 2d DCA 1990) (six-day delay)); Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061 (Fla. 2d DCA 2002) (seven-day delay); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990) (fifteen-day delay)). Thus, the Elliotts exercised due diligence by filing the motion to vacate the default within six days of discover of the default.

16. Here the Defendant discovered the Default upon consultation with his attorney and has immediately filed this motion.

## DEFENDANT HAS MERITORIOUS DEFENSES

17. Defendant can show that he has meritorious defenses which are shown by way of Defendants' proposed Answers and Affirmative Defenses filed herewith or attached hereto.

18. A meritorious defense is established where a "proposed answer [is] attached to its motion to vacate, which answer sets out in detail a number of affirmative defenses." Fortune Ins. Co. v. Sanchez, 490 So.2d 249, 249 (Fla. 3d DCA1986). Where a party "immediately filed a proposed answer with affirmative defenses upon receipt of the plaintiff's motion to set the cause for trial on damages," the meritorious-defense and due-diligence elements were met. Broward County v. Perdeue, 432 So.2d 742, 743 (Fla. 4th DCA 1983).

19. The defendant established a meritorious defense below by the proposed answer attached to its motion to vacate, which answer sets out in detail a number of affirmative defenses, Pedro Realty Inc. v. Silva, 299 So.2d 367, 369 (Fla. 3d DCA 1981) ("A defendant may not merely state that it has a meritorious defense, but must disclose such a defense in a defensive pleading or affidavit");

Perry v. University Cabs, Inc., 344 So.2d 914, 915 (Fla. 3d DCA 1977) ("The existence of a meritorious defense should be disclosed in tendering a defensive pleading showing the defense...."). HOUSEHOLD FINANCE CORPORATION, III, v. MITCHELL 51 So.3d 1238 (1st DCA 2011) In the context of a motion to set aside a default, "meritorious" means simply that the defendant plans to raise a defense that may have some merit. The movant need only show that the defense it has raised is meritorious, not that it is likely to succeed. See Rice v. James, 740 So.2d 7 (Fla. 1st DCA 1999). However, affirmative defense, even when pled with minimal specificity, can qualify as meritorious. See, e.g., Elliott v. Aurora Loan Servs., LLC, 31 So.3d 304 (Fla. 4th DCA 2010).

**WHEREFORE** Defendant, hereby respectfully requests that this Court enter an order vacating the Clerk's Default entered in this matter and grand Defendant Leave to file their proposed Answer and Affirmative Defenses attached hereto and allow this matter to proceed on its merits.

## Verification

F.S.A. § 92.525 Verification of documents, Under penalties of perjury, I declare that I read the foregoing VERIFIED MOTION and that the facts stated in it are true, Executed this ___ day of _October_, 2017 at County of BREVARD in the State of Florida by :

SIGNATURE/s/ _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed

with the Clerk of Courts by using the Florida Courts E-Filing Portal and furnished to the parties

listed therein this _l/th_ day of October , 2017.


_/s/ Shannan M. Field_
Shannan M Field, Esq.
Florida Bar Number 95572
The Law Office of Shannan M. Field, P.A.
1079 Cheney Highway
Titusville, FL 32780
(321) 362-5414

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC. a Florida
For profit real estate corporation,
     Plaintiff,

v.

                                    Case No. 05-2017-CA-034680-XXXX-XX

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
Real estate corporation, and
PATRICK FLOYD CONNER, an individual,
     Defendants.

_____/

## ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, DAVID GLOVER, by and through the undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. The Defendant, DAVID GLOVER, is without knowledge as to the allegations contained in Paragraphs Nos. 8, and are therefore denied and demand strict proof thereof.

2. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 2.

3. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 6 to the extent that Defendant conducts business in the state of Florida and otherwise denies the allegations and demands strict proof thereof.

4. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 9 to the extent that Defendant owns the property at 546 Twin Lakes Drive and otherwise denies the allegations and demands strict proof thereof.

5. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 13 to the extent we is licensed as a real estate sales associate in Florida and was hired by Island Living Real Estate.

6. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 16 to the extent he was hired by FLAG AGENCY, INC. d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, to be a sales associate and otherwise denies the allegations and demands strict proof thereof.

7. The Defendant, DAVID GLOVER, admits to the allegations contained in Paragraph No. 26 to the extent John Lynch chose to list with Defendant and otherwise denies the allegations and demands strict proof thereof.

8. The Defendant, DAVID GLOVER denies Paragraph Nos. 1, 3-5, 7, 10, 11(a)-(o), 12, 14-15, 17-25, 27, 30-34, of Plaintiff's Second Amended Complaint and likewise denies each and every allegation of negligence, proximate cause, and damages alleged and demands strict proof thereof.

9. The Defendant, DAVID GLOVER, in response to the allegations contained in Paragraph No. 35, reincorporates their responses contained in Paragraph Nos. 1-6 above.

10. The allegations contained in Paragraph No.'s 28 and 29 of Plaintiff's Complaint are not alleged against Defendant, DAVID GLOVER, therefore no response is required. However, to the extent that those Paragraphs contain allegations against Defendant, DAVID GLOVER, those allegations are denied and demands strict proof thereof.

11. The Defendant, DAVID GLOVER, denies each and every allegation of Count I of Plaintiff's Complaint regarding Slander Per Se and damages.

12. The Defendant, DAVID GLOVER, denies each and every allegation contained in Count
II of Plaintiff's Complaint regarding Slander Per Quod and damages.

13. The Defendant, DAIVD GLOVER, denies each and every allegation contained in Count
III of Plaintiff's Complaint regarding Deceptive and Unfair Trade Practices, Chapter 501
Florida Statutes and damages.

14. That Defendant, DAVID GLOVER, asserts the right to demand Trial by Jury of all issues
so triable as of right by Jury.

## AFFIRMATIVE DEFENSES

15. As his first affirmative defense, the Defendant, DAVID GLOVER, would assert that the
Plaintiff, TGO REALTY, failed to state a cause of action for which relief can be granted
by failing to allege irreparable harm to Plaintiff, ongoing harm to the Plaintiff, a clear
legal right under theories of slander, slander per quod, or any statutory violation, an
inadequate remedy at law, or that the public interest would be served by injunction.

16. As his second affirmative defense, the Defendant, DAVID GLOVER, would assert that
the Plaintiff, TGO REALTY's Complaint failed to state a cause of action in that
Paragraph 14, Plaintiff alleges the Defendant engaged in fraudulent conduct, yet fails to
describe in specificity the alleged actions which amounted to fraudulent conduct.
Plaintiff's attorney knows or should have known that an action based on the grounds of
fraud must be pled with specificity and not merely conjecture based on unsubstantiated
facts.

17. As his third affirmative defense, the Defendant, DAVID GLOVER, would assert that the
Plaintiff, TGO REALTY's, allegations that Defendant violated  "Florida law and FREC"

have been violated yet Plaintiff does not identify and define the meaning of those terms

or cite the specific provisions of "Florida law and FREC" that were alleged violated and

as such has not stated a cause of action in which relief can be granted.

18. As his fourth affirmative defense, the Defendant, DAVID GLOVER, would assert that

the Plaintiff, TGO REALTY's, Complaint failed to state a cause of action where relief

can be granted in that the statute referred to in paragraph 29 fails to state a cause of action

by referencing Defendant is in violation of Florida law but fails to identify which laws

Defendant is in violation of.

19. As his fifth affirmative defense, the Defendant, DAVID GLOVER, would assert Plaintiff,

TGO REALTY, failed to state a cause of action in that they failed to establish or allege

the reputation of the Plaintiff was harmed by the alleged harmful (slanderous) actions

resulted in damages to Plaintiff.

20. As his sixth affirmative defense, the Defendant, DAVID GLOVER, would assert

Plaintiff, TGO REALTY's, allegations in Count I do not amount to Slander Per Se and

Plaintiff fails to identify how the alleged falsehoods uttered by Defendant are a criminal

offense amounting to a felony or how it would constitute conduct, characteristics or a

condition incompatible with the proper exercise of the lawful business, trade, and

profession of Plaintiff.

21. As his seventh affirmative defense, the Defendant, DAVID GLOVER, would assert

Plaintiff, TGO REALTY, failed to state a cause of action in that it fails to allege any

extrinsic fact which would justify or support an action for Slander Per Quod.

22. As his eighth affirmative defense, Defendant, DAVID GLOVER, would assert the

Plaintiff, TGO REALTY's, allegations in Count III, Deceptive and Unfair Trade

Practices, failed to identify which specific section of the act the Defendant allegedly violated and is barred by Section 501.212(6) of the Florida Statutes.

## DEMAND FOR ATTORNEY'S FEES

Defendant, DAVID GLOVER, is entitled to recover any and all reasonable attorney's fees and costs incurred in this matter from Plaintiff by virtue of Florida Statues. Defendant, DAVID GLOVER, has hired an attorney and is obligated to pay the attorney a reasonable fee for services rendered.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-mail to all parties on the e-service list on this 6th day of October, 2017.

/s/*Shannan Field, Esq.*
Attorney for Defendant David Glover
Florida Bar No. 95572
The Law Office of Shannan M. Field, PA
1079 Cheney Highway
Titusville, FL 32780
(321) 362-5414
shannanfield@yahoo.com

Filing # 62551631 E-Filed 10/09/2017 10:00:02 AM

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC., a Florida for profit real estate
corporation,

     Plaintiff,

vs.                                                          CASE NO. 05-2017-CA-034680-XXXX-XX

DAVID GLOVER, an individual, and FLAG AGENCY,
INC., d/b/a Century 21 Flag Agency, Inc., a Florida for
profit real estate corporation, and PATRICK FLOYD
CONNER, an individual,

     Defendants,

_____/

## STIPULATED ORDER SUBSTITUTING COUNSEL

THIS CAUSE, having come before the Court upon the Stipulation for Substitution of

Counsel for Defendant, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that J. WESLEY HOWZE, JR., ESQ., and CANTWELL

& GOLDMAN, P.A, are hereby relieved from any further handling and/or responsibility in the

above styled cause as to Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency,

Inc., and PATRICK FLOYD CONNER, and that JAMES R. MYERS, ESQ., and the firm THE

CHARTWELL LAW OFFICES, LLP, 12486 Brantley Commons Court, Fort Myers, FL  33907,

shall be substituted as counsel of record for Defendants FLAG AGENCY, INC., d/b/a Century

21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and future pleadings and

correspondence in this matter shall be directed to them.

DONE AND ORDERED in Chambers in Orange County, Florida, on this _____ day of

_____, 2017.

_____
HONORABLE GEORGE B. TURNER
Circuit Court Judge

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

Copies to (via ePortal):

## SERVICE LIST

*Counsel for Plaintiff*
Liam P. Kelly, Esq.
Liam P. Kelly, P.A.
10761 SW 104th Street
Miami, FL 33176
Telephone: 786-515-2786
Emails: lkelly@liamkellylaw.com

*Counsel for Flag Agency and Conner*
James R. Myers, Esq.
The Chartwell Law Offices, LLP
12486 Brantley Commons Court
Fort Myers, FL 33907
Telephone: 239-489-1911
Email: jmyers@chartwelllaw.com;
jteitelbaum@chartwelllaw.com;
wpruneda@chartwelllaw.com

*Counsel for Defendant David Glover*
Shannan M. Field, Esq.
The Law Office of Shannan M. Field, P.A.
1079 Cheney Hwy
Titusville, FL 32780-6356
Telephone: 321-362-5414
Email: shannanfield@yahoo.com

*Co-Counsel for Flag Agency and Conner*
J. Wesley Howze, Jr., Esq.
Cantwell & Goldman, P.A.
96 Willard Street, Suite 302
Cocoa, FL 32922
Telephone: 866-583-9129
Email: wes@cfglawoffice.com

Filing # 63774815 E-Filed 11/04/2017 07:38:57 PM

IN THE CIRCUIT COURT OF
THE 18TH JUDICIAL CIRCUIT
IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

       Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

       Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff, TGO REALTY, INC., by and through its undersigned counsel, hereby sues

Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

PATRICK FLOYD CONNER, and states:

### THE PARTIES

    1.    Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a

Florida for profit real estate corporation, license no. CQ1002000, with its principal offices in

Titusville, Florida. TGO Realty, which has been serving the community since 1995, has used the

TGO Realty name continuously in its real estate business since 1999.

    2.    Defendant, DAVID GLOVER, an individual, currently holds a real estate sales

associate license issued August 30, 2016, no. SL3365318, is currently employed by Defendant,

FLAG AGENCY, INC., is a resident of Titusville, Florida, and is otherwise *sui juris*.

    3.    Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., is a

Florida for profit real estate corporation, license no. CQ169900, with its principal offices in

Titusville, Florida.

4.     Defendant, PATRICK FLOYD CONNER, an individual, is a real estate broker, license no. BK199779, is the qualifying broker for Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., is a resident of Titusville, Florida, and is otherwise *sui juris*.

## JURISDICTION AND VENUE

5.     This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

6.     The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and/or carry out a business or business venture within the state of Florida.

7.     Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

## FACTUAL BACKGROUND

8.     The Great Outdoors ("TGO") is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes. The resort offers amenities such as a championship golf course, fine dining, pools, spas and a fitness center.

9.     On August 30, 2016, Defendant, DAVID GLOVER became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

10.    During his employment with Island Living Real Estate, DAVID GLOVER attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties.

11.    DAVID GLOVER attempted to pass himself off as an employee of TGO Realty because at the time he became licensed as a real estate sales associate, TGO Realty had enjoyed an unsurpassed, and excellent business reputation with its customers, the residents of TGO, its industry peers, and the whole of the TGO community, as an ethical, first-in-class business,

2

committed to the highest standards of professionalism.

12.     During his employment with Island Living Real Estate, DAVID GLOVER attempted to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

13.     During his employment with Island Living Real Estate, DAVID GLOVER used improper and misleading signage and brochures in connection with his work as a sales associate, in violation of Florida Real Estate Commission ("FREC") rules.

14.     While performing his duties as a sales associate with Island Living Real Estate, DAVID GLOVER published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

15.     Island Living Real Estate personnel eventually discovered DAVID GLOVER's fraudulent and misleading conduct, and the pending litigation against him, and his employment was terminated for failing to disclose said litigation.

16.     Due to the limitations of his license, DAVID GLOVER cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker.

17.     After his termination from Island Living Real Estate, DAVID GLOVER was hired by Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, to be a sales associate.

18.     However, despite losing his job with Island Living Real Estate for improper conduct, DAVID GLOVER continued engaging in improper conduct with his new employer, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, his qualifying broker.

19.     Specifically, from the time of his termination from Island Living Real Estate, DAVID GLOVER began focusing on slandering Plaintiff in a deliberate and malicious manner to TGO Realty's customers, prospective customers, and to members and residents of The Great Outdoors community.

20.     While performing his duties as a sales associate for Defendants, FLAG

3

AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying Defendants' yard signs and advertisements. Such conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a felony of the third degree.

21.     While performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers.   Such conduct, if true, would be a criminal violation of § 475.42 FLA. STAT. (2017), and a felony of the third degree.

22.     On May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, did maliciously lie and tell a home seller and others that TGO Realty sales associates are not licensed.

23.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed could not legally show properties for sale.

24.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

25.     In June of 2017, DAVID GLOVER, while performing his duties as a sales

4

associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that DAVID GLOVER had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

26.     DAVID GLOVER also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

27.     In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn, and told her that he had chosen to list with DAVID GLOVER and Defendants after hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty. John Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list with Defendants, rather than TGO Realty.

28.     In October of 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told the owners of 474 Oak Cove Road in The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing signage belonging to Defendants, and unlawfully manipulating real estate transactions, to interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

29.     The malicious lies DAVID GLOVER, told Heidi Brown, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER caused her to publish a rant against TGO Realty on Facebook.   Apparently proud of what he had done, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, sent a text message to TGO Realty containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

5

30.     To date, Defendants' unlawful conduct and slander has resulted in some 28 former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

31.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, were aware of the lies being told by their employee, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

32.     DAVID GLOVER's employer, and qualifying broker, have each failed to direct, control, or properly manage him in the performance of his duties, in violation of § 475.25(1)(u), and Florida law.

33.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, are vicariously liable for DAVID GLOVER's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of DAVID GLOVER's defamatory statements, which resulted in additional business and commissions for Defendants.

34.     FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker were made aware of the slanderous statements of DAVID GLOVER.  However, neither FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., nor PATRICK FLOYD CONNER took any steps to investigate or discipline DAVID GLOVER, or otherwise stop his defamatory statements about Plaintiff.

35.     On April 24, 2017, Chad P. Conner, of FLAG AGENCY, INC., acknowledged to Plaintiff that he was aware of the statements made by DAVID GLOVER that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants, and was aware of DAVID GLOVER's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask DAVID GLOVER to provide them to him.

36.     Defendant, PATRICK FLOYD CONNER, as qualifying broker, is liable for DAVID GLOVER's defamatory statements directed against Plaintiff by virtue of his duties as qualifying broker at FLAG AGENCY, INC.

37.     All conditions precedent to this action have been performed, waived or excused.

### COUNT I
Slander Per Se

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

40.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

41.     Certain of the falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by DAVID GLOVER would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

42.     A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

43.     Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, DAVID GLOVER, has made against Plaintiff.

44.     DAVID GLOVER's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

7

45.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper

**COUNT II**
Slander Per Quod

46.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

47.     Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

48.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

49.     The falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

50.     The falsehoods uttered by DAVID GLOVER to third parties were intended by DAVID GLOVER to injure Plaintiff and were made with malice.

51.     Plaintiff has been damaged by DAVID GLOVER's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

52.     DAVID GLOVER's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

53.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

Dated:  November 4, 2017

Respectfully submitted,

**LIAM P. KELLY, P.A.**
Attorney for Plaintiff
10761 SW 104th Street
Miami, Florida 33176
Telephone: (786) 515-2786
E-mail: lkelly@liamkellylaw.com

s/ Liam P. Kelly
By:_____
LIAM P. KELLY
Florida Bar No.: 0848867

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this November 4, 2017 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Meyers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley commons Court, Fort Meyers, FL 33907.

s/ Liam P. Kelly
_____
LIAM P. KELLY

9

Filing # 64355410 E-Filed 11/17/2017 02:21:23 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.

_____/

## MOTION FOR DEFAULT

    Plaintiff, TGO REALTY, INC., by and through its undersigned counsel and pursuant to FLA. R.

CIV. P. 1.500(b), hereby requests that the Court enter a Default against Defendants, FLAG AGENCY,

INC. and PATRICK F. CONNER, and would state:

    1.    On November 4, 2017, Defendants, FLAG AGENCY, INC. and PATRICK F. CONNER

were served with Plaintiff's Amended Complaint.[1]  However, to date, more than 13 days have passed

since Defendants, FLAG AGENCY, INC. and PATRICK F. CONNER were served, and Defendants have

failed to Answer.[2]

    2.    By failing to answer the Amended Complaint, Defendants have failed to plead or defend

as required by the Florida Rules of Civil Procedure. Pursuant to Fla. R. Civ. P. 1.190(a) "[a] party shall

plead in response to an amended pleading within 10 days after service of the amended pleading unless the

court otherwise orders."

---

[1] Neither Defendant had filed a responsive pleading to Plaintiff's Compliant, and a party may amend a pleading once as a matter of course at any time before a responsive pleading is served, pursuant to Rule 1.190(a).

[2] A default was entered by the Clerk against Defendant, DAVID GLOVER on August 14, 2017, for failure to serve or file any paper in response to Plaintiff's Complaint.

CASE NO.: 05-2017-CA-034680 XXXXXX

3.     The Court should enter a default against Defendants, FLAG AGENCY, INC. and PATRICK F. CONNER, for their failure to plead or otherwise defend. Fla. R. Civ. P. 1.500(b)("When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party.").

4.     It is in the interests of justice that the Court enter a Default against Defendants.

WHEREFORE, Plaintiff, TGO REALTY, INC. respectfully requests that a default be entered against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, any such other, and further relief as the Court deems just, equitable and proper.

Dated: November 17, 2017

Respectfully submitted,

**LIAM P. KELLY, P.A.**
Attorney for Plaintiff
10761 SW 104th Street
Miami, Florida 33176
Telephone: (786) 515-2786
E-mail: lkelly@liamkellylaw.com

s/ Liam P. Kelly
By:_____
         LIAM P. KELLY
       Florida Bar No.: 0848867

CASE NO.: 05-2017-CA-034680 XXXXXX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this November 17, 2017 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Meyers, Esq., and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley commons Court, Fort Meyers, FL 33907.

s/ Liam P. Kelly

_____

LIAM P. KELLY

Filing # 64401570 E-Filed 11/20/2017 11:28:31 AM

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC., a Florida for profit real estate
corporation,

     Plaintiff,

vs.                                                     CASE NO. 05-2017-CA-034680-XXXX-XX

DAVID GLOVER, an individual, and FLAG AGENCY,
INC., d/b/a Century 21 Flag Agency, Inc., a Florida for
profit real estate corporation, and PATRICK F.
CONNER, an individual,

     Defendants,

_____/

## FLAG AGENCY'S AND CONNER'S ANSWER AND AFFIRMATIVE DEFENSES PLAINTIFF'S AMENDED COMPLAINT

     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK

F. CONNER, ("Defendants," "Flag Agency", and/or "Conner"), by and through their

undersigned attorneys, hereby answer Plaintiff's amended complaint as follows:

### THE PARTIES

     1.    Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a

Florida for profit real estate corporation, license no. CQ1002000, with its principal offices in

Titusville, Florida. TGO Realty, which has been serving the community since 1995, has used the

TGO Realty name continuously in its real estate business since 1999.

     **RESPONSE:** Without knowledge.

     2.    Defendant, DAVID GLOVER, an individual, currently holds a real estate sales

associate license issued August 30, 2016, no. SL3365318, is currently employed by Defendant,

FLAG AGENCY, INC., is a resident of Titusville, Florida, and is otherwise sui juris.

     **RESPONSE:** Without knowledge.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

3.      Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., is a

Florida for profit real estate corporation, license no. CQ169900, with its principal offices in

Titusville, Florida.

**RESPONSE:** Admitted.

4.      Defendant, PATRICK FLOYD CONNER, an individual, is a real estate broker,

license no. BK199779, is the qualifying broker for Defendant, FLAG AGENCY, INC., d/b/a

Century 21 Flag Agency, Inc., is a resident of Titusville, Florida, and is otherwise *sui juris*.

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

5.      This is an action for damages in excess of $15,000.00, and is within the

jurisdictional limits of the Court.

**RESPONSE:** Admitted for jurisdictional purposes only; otherwise without knowledge.

6.      The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a)

FLA. STAT. (2017) because Defendants operate, conduct, engage in and/or carry out a business

or business venture within the state of Florida.

**RESPONSE:** Admitted.

7.      Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and

47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard

County, Florida, and because Defendants are residents of Brevard County, Florida.

**RESPONSE:** Admitted.

## FACTUAL BACKGROUND

8.      The Great Outdoors ("TGO") is a 2,800 acre premier recreational vehicle, golf,

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes. The resort offers amenities such as a championship golf course, fine dining, pools, spas and a fitness center.

RESPONSE:  Admitted.

9.      On August 30, 2016, Defendant, DAVID GLOVER became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

RESPONSE:  Without knowledge.

10.      During his employment with Island Living Real Estate, DAVID GLOVER attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties.

RESPONSE:  Without knowledge.

11.      DAVID GLOVER attempted to pass himself off as an employee of TGO Realty because at the time he became licensed as a real estate sales associate, TGO Realty had enjoyed an unsurpassed, and excellent business reputation with its customers, the residents of TGO, its industry peers, and the whole of the TGO community, as an ethical, first-in-class business, committed to the highest standards of professionalism.

RESPONSE:  Without knowledge.

12.      During his employment with Island Living Real Estate, DAVID GLOVER attempted to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

RESPONSE:  Without knowledge.

13.      During his employment with Island Living Real Estate, DAVID GLOVER used

.3.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

improper and misleading signage and brochures in connection with his work as a sales associate,

in violation of Florida Real Estate Commission ("FREC") rules.

**RESPONSE:** Without knowledge.

14.     While performing his duties as a sales associate with Island Living Real Estate,

DAVID GLOVER published false and misleading advertisements, claiming to be "The only

Licensed Realtor in TGO!"

**RESPONSE:** Without knowledge.

15.     Island Living Real Estate personnel eventually discovered DAVID GLOVER's

fraudulent and misleading conduct, and the pending litigation against him, and his employment

was terminated for failing to disclose said litigation.

**RESPONSE:** Denied.

16.     Due to the limitations of his license, DAVID GLOVER cannot engage in the

business of real estate brokerage or sales without the supervision of a qualifying broker.

**RESPONSE:** Without knowledge.

17.     After his termination from Island Living Real Estate, DAVID GLOVER was

hired by Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

PATRICK FLOYD CONNER, as qualifying broker, to be a sales associate.

**RESPONSE:** Denied as worded; Glover was not "hired" and is not an employee, but is

an independent contractor.

18.     However, despite losing his job with Island Living Real Estate for improper

conduct, DAVID GLOVER continued engaging in improper conduct with his new employer,

FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER,

his qualifying broker.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

**RESPONSE:** Denied.

19.     Specifically, from the time of his termination from Island Living Real Estate,
DAVID GLOVER began focusing on slandering Plaintiff in a deliberate and malicious manner
to TGO Realty's customers, prospective customers, and to members and residents of The Great
Outdoors community.

**RESPONSE:** Without knowledge.

20.     While performing his duties as a sales associate for Defendants, FLAG
AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER,
DAVID GLOVER lied to third parties, and maliciously told them that he had a photograph, or
sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty
personnel unlawfully removing or destroying Defendants' yard signs and advertisements. Such
conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a
felony of the third degree.

**RESPONSE:** Without knowledge.

21.     While performing his duties as a sales associate for Defendants, FLAG
AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER,
DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are
not licensed to work as real estate sales associates or brokers, and could not legally show
properties to buyers. Such conduct, if true, would be a criminal violation of § 475.42 FLA.
STAT. (2017), and a felony of the third degree.

**RESPONSE:** Without knowledge.

22.     On May 29, 2017, DAVID GLOVER, while performing his duties as a sales
associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

.5.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

PATRICK FLOYD CONNER, did maliciously lie and tell a home seller and others that TGO Realty sales associates are not licensed.

     **RESPONSE:** Without knowledge.

     23.    On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed could not legally show properties for sale.

     **RESPONSE:** Without knowledge.

     24.    On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

     **RESPONSE:** Without knowledge.

     25.    In June of 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that DAVID GLOVER had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

**RESPONSE:** Without knowledge.

26.     DAVID GLOVER also falsely told Eddie Hammond that he had been approached
by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

**RESPONSE:** Without knowledge.

27.     In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann
Henn, and told her that he had chosen to list with DAVID GLOVER and Defendants after
hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty.
John Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list
with Defendants, rather than TGO Realty.

**RESPONSE:** Without knowledge.

28.     In October of 2017, DAVID GLOVER, while performing his duties as a sales
associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and
PATRICK FLOYD CONNER, maliciously lied and told the owners of 474 Oak Cove Road in
The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty
had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing
signage belonging to Defendants, and unlawfully manipulating real estate transactions, to
interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

**RESPONSE:** Without knowledge.

29.     The malicious lies DAVID GLOVER, told Heidi Brown, while performing his
duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag
Agency, Inc., and PATRICK FLOYD CONNER caused her to publish a rant against TGO
Realty on Facebook. Apparently proud of what he had done, DAVID GLOVER, while
performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century

.7.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

21 Flag Agency, Inc., and PATRICK FLOYD CONNER, sent a text message to TGO Realty

containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

**RESPONSE:** Without knowledge.

30.     To date, Defendants' unlawful conduct and slander has resulted in some 28

former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate

business, choosing to list with Defendants, rather than Plaintiff.

**RESPONSE:** Without knowledge.

31.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

PATRICK FLOYD CONNER, as qualifying broker, were aware of the lies being told by their

employee, but benefitted from the conduct, and ratified the same, as customers of TGO Realty

began to use Defendants, rather than Plaintiff, for their needs.

**RESPONSE:** Denied.

32.     DAVID GLOVER's employer, and qualifying broker, have each failed to direct,

control, or properly manage him in the performance of his duties, in violation of § 475.25(1)(u),

and Florida law.

**RESPONSE:** Denied.

33.     Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

PATRICK FLOYD CONNER, as qualifying broker, are vicariously liable for DAVID

GLOVER's defamatory statements directed against Plaintiff as the statements were done in the

course and scope of his employment, to further a purpose and interest of Defendants, and were

ratified by Defendants, who accepted the benefits of DAVID GLOVER's defamatory statements,

which resulted in additional business and commissions for Defendants.

**RESPONSE:** Denied.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

34.      FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK

FLOYD CONNER, as qualifying broker were made aware of the slanderous statements of

DAVID GLOVER. However, neither FLAG AGENCY, INC., d/b/a Century 21 Flag Agency,

Inc., nor PATRICK FLOYD CONNER took any steps to investigate or discipline DAVID

GLOVER, or otherwise stop his defamatory statements about Plaintiff.

**RESPONSE:** Denied.

35.      On April 24, 2017, Chad P. Conner, of FLAG AGENCY, INC., acknowledged to

Plaintiff that he was aware of the statements made by DAVID GLOVER that he had photographs

of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants,

and was aware of DAVID GLOVER's animosity toward TGO Realty, but he had never actually

seen any such photographs, nor did he investigate the matter or ask DAVID GLOVER to provide

them to him.

**RESPONSE:** Denied.

36.      Defendant, PATRICK FLOYD CONNER, as qualifying broker, is liable for

DAVID GLOVER's defamatory statements directed against Plaintiff by virtue of his duties as

qualifying broker at FLAG AGENCY, INC.

**RESPONSE:** Denied.

37.      All conditions precedent to this action have been performed, waived or excused.

**RESPONSE:** Denied.

**COUNT I**
Slander Per Se

38.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 37 as if fully set forth herein.

.9.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

**RESPONSE:** Defendants' responses to paragraphs 1 through 37, are realleged herein as if set forth in full.

39.     Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

**RESPONSE:** Without knowledge.

40.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

**RESPONSE:** Without knowledge.

41.     Certain of the falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by DAVID GLOVER would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

**RESPONSE:** Without knowledge.

42.     A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

**RESPONSE:** Admitted.

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

43.     Malice and the occurrence of damages are both presumed by law from the nature

of the defamation of Defendant, DAVID GLOVER, has made against Plaintiff.

**RESPONSE:** Denied.

44.     DAVID GLOVER's false statements to third parties, if allowed to continue, will

cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

**RESPONSE:** Denied.

45.     The public interest would be served by an injunction prohibiting further

defamation by Defendants against TGO Realty.

**RESPONSE:** Denied.

## COUNT II
### Slander Per Quod

46.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 37 as if fully set forth herein.

**RESPONSE:** Defendants' responses to paragraphs 1 through 37, are realleged herein as

if set forth in full

47.     Defendant, DAVID GLOVER has uttered false and defamatory statements about

Plaintiff to third parties.

**RESPONSE:** Without knowledge.

48.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not

licensed to perform its real estate business, that Plaintiff can not legally show properties, that

Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants'

advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to

work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

interference with sales, and improperly stopping people from buying properties at The Great

Outdoors.

    **RESPONSE:** Without knowledge.

    49.    The falsehoods uttered by DAVID GLOVER to third parties would, if true, be

conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means

of livelihood.

    **RESPONSE:** Without knowledge.

    50.    The falsehoods uttered by DAVID GLOVER to third parties were intended by

DAVID GLOVER to injure Plaintiff and were made with malice.

    **RESPONSE:** Without knowledge.

    51.    Plaintiff has been damaged by DAVID GLOVER's false statements to third

parties in that Plaintiff has lost business, goodwill, and commissions.

    **RESPONSE:** Without knowledge.

    52.    DAVID GLOVER's false statements to third parties, if allowed to continue, will

cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

    **RESPONSE:** Denied.

    53.    The public interest would be served by an injunction prohibiting further

defamation by Defendants against TGO Realty.

    **RESPONSE:** Denied.

### AFFIRMATIVE DEFENSES

    1.    The Complaint fails to state a cause of action against Flag Agency and Conner,

because it lumps more than one defendant together in a single Count. A complaint must

differentiate among the Defendants' various actions. Making allegations of legal conclusions

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

that refer to defendants collectively is improper. *See K.R. Exchange Services, Inc. v. Fuerst Humphrey Ittleman, PL*, 48 So.3d 889, 893-894 (Fla. 3rd DCA 2010).

    2.     An employer is not liable for the torts of an independent contractor, as a matter of law. This is especially true if an independent contactor engages in actions outside the scope of the independent contractor agreement. Plaintiff is accusing Co-Defendant GLOVER of committing intentional defamation, and acting with malice. GLOVER is an independent contractor and not an employee of Flag Agency. To the extend any of the allegations of malicious conduct against GLOVER may be true, those actions were unauthorized and outside the scope of his independent contractor relationship. Accordingly, there can be no vicarious liability under *respondeat superior* as against Flag Agency or Conner.

    3.     The alleged incidents described herein were caused by a third party over whom these Defendants had no dominion or control; therefore, this should act as a bar, or in the alternative, any damages for recovery should be reduced comparatively, or be subject to a set-off.

    4.     Any recovery should be reduced proportionately to the extent §768.81, Florida Statutes, may apply.

    5.     Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), and Fla. Stat. § 768.81, Flag Agency and Conner reserve their right to amend its affirmative defenses to add other parties for inclusion on the verdict form at trial whose fault caused or contributed to the subject incidents and/or the damages allegedly sustained by Plaintiff; including without limitation, the other co-defendant in this action.

    6.     Truth is an absolute defense to defamation. Accordingly, to the extent Plaintiff, or anyone acting on behalf of Plaintiff, e.g., destroyed or removed signs and advertisements

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

belonging to Defendants, Plaintiff fails to state a cause of action and this complaint must be
dismissed.

      7.     Joint and several liability has been abolished in Florida; therefore, Plaintiff's
prayer for joint and several relief made in both Counts, must be stricken.

      8.     The Complaint fails to state a cause of action against Flag Agency or Conner
because the statute referred to in paragraph 32 does not refer to or provide a private cause of
action, and, specifically, places jurisdiction for any violation with the Department of Business
and Professional Regulation.

      9.     Plaintiff fails to state a cause of action for failure to sufficiently allege that it has
an inadequate remedy at law, or that the public interest would be served by the injunctive relief
sought.

               THE CHARTWELL LAW OFFICES, LLP
               *Counsel for Flag Agency and Conner*
               12486 Brantley Commons Court
               Fort Myers, FL  33907
               Telephone:  (239) 489-1911
               Designated emails, per Fla. R. Jud. Admin. 2.516:
               Primary: jmyers@chartwelllaw.com; jteitelbaum@chartwelllaw.com;
               Secondary: wpruneda@chartwelllaw.com

               By: */s/ James R. Myers*
                   JAMES R. MYERS, ESQ.
                   Florida Bar No.:  896489
                   JESSICA A. TEITELBAUM, ESQ.
                   Florida Bar No. 584983

TGO v. Glover, Flag Agency, et al; Case No. 05-2017-CA-034680-XXXX-XX
Circuit Court in and for Brevard County, Florida

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the attached service list attached, and to all parties who may be listed for service via the E-Filing Portal but of whom the undersigned has not received service information, on this 20th day of November, 2017.

THE CHARTWELL LAW OFFICES, LLP
*Counsel for Flag Agency and Conner*
12486 Brantley Commons Court
Fort Myers, FL  33907
Telephone:  (239) 489-1911
Designated emails, per Fla. R. Jud. Admin. 2.516:
Primary: jmyers@chartwelllaw.com; jteitelbaum@chartwelllaw.com;
Secondary: wpruneda@chartwelllaw.com

By: */s/ James R. Myers*
    JAMES R. MYERS, ESQ.
    Florida Bar No.: 896489
    JESSICA A. TEITELBAUM, ESQ.
    Florida Bar No. 584983

## SERVICE LIST

*Counsel for Plaintiff*
Liam P. Kelly, Esq.
Liam P. Kelly, P.A.
10761 SW 104th Street
Miami, FL 33176
Telephone:  786-515-2786
Emails:  lkelly@liamkellylaw.com

*Counsel for Defendant David Glover*
Shannan M. Field, Esq.
The Law Office of Shannan M. Field, P.A.
1079 Cheney Hwy
Titusville, FL  32780-6356
Telephone: 321-362-5414
Email:  shannanfield@yahoo.com

Filing # 64519428 E-Filed 11/22/2017 10:04:18 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC., A Florida
For Profit Real Estate Corporation,
     Plaintiff,
v.                            Case No.: 05-2017-CA-034680-XXXX-XX

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Real Estate Corportion, and
PATRICK FLOYD CONNER, an individual,
     Defendants.
_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

    Defendant, David Glover, by and through his undersigned attorney, files this Motion

for Extension of Time to respond to Plaintiff's Amended Complaint, and in support

thereof, states as follows:

1.  On or about November 4, 2017, Plaintiff filed an Amended Complaint in the

     above referenced action.

2.  The Defendant and the Defendant's attorney were not properly served with

     Plaintiff's Amended Complaint and were only made aware when Defendant's

     attorney was e-served on November 20, 2017 with another Defendant's Answer to

     Plaintiff's Amended Complaint.

3.  Upon counsel's review of the docket, counsel was made aware of the Amended

     Complaint docketed on November 4, 2017.

4.  The Certificate of Service on Plaintiff's Amended Complaint omits service to
    Defendant's counsel, yet Plaintiff has included Defendant as a party to this action.

5.  The Defendant requires additional time to respond to Plaintiff's Amended
    Complaint.

6.  The Defendant requests this extension in good faith to respond appropriately to
    Plaintiff's Amended Complaint and requests a 20 day extension.

WHEREFORE, the Defendant respectfully requests that this Court grant the
extension of time to respond to Plaintiff's Amended Complaint.

By:/s/ Shannan Field, Esq.

Shannan Field, Esquire
Florida Bar No.: 95572
Attorney for Defendant David Glover
The Law Office of Shannan M. Field, PA
1079 Cheney Highway
Titusville, FL 32780
(321) 362-5414
shannanfield@yahoo.com

## CERTIFICATE OF SERVICE

I, CERTIFY, that a copy hereof has been furnished to the parties listed on the attached
service list by email and US Mail on this 22nd day of November, 2017.

By:/s/ Shannan Field, Esq.

Shannan Field, Esquire
Florida Bar No.: 95572
Attorney for Defendant David Glover
The Law Office of Shannan M. Field, PA
1079 Cheney Highway
Titusville, FL 32780
(321) 362-5414

shannanfield@yahoo.com

SERVICE LIST:

The Chartwell Law Offices, LLP
Counsel for Flag Agency and Conner
12486 Brantley Commons Court
Fort Myers, FL 33907
jymers@chartwelllaw.com
jteitelbaum@chartwelllaw.com
wpruneda@chartwelllaw.com

Liam P. Kelly, Esq.
Counsel for Plaintiff
10761 SW 104th St.
Miami, FL 33176
lkelly@liamkellylaw.com

Filing # 65126086 E-Filed 12/07/2017 05:02:54 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

  Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

  Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANTS FLAG AGENCY, INC., AND PATRICK F. CONNER'S AFFIRMATIVE DEFENSES

  Plaintiff, TGO REALTY, INC., by and through its undersigned counsel and pursuant to FLA. R. CIV. P. 1.100(a), hereby serves its Reply to the defenses raised by Defendants, FLAG AGENCY, INC. and PATRICK F. CONNER in their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and would state:

1. **Defendants' First Affirmative Defense:** Defendants' First Defense is denied, and fails to state a valid defense to Plaintiff's claims for defamation. Plaintiff's Complaint contains all of the facts and allegations required pursuant to Rule 1.110 Fla. R. Civ. P. (2017) to state a claim against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER. On demurrer, all material allegations are accepted as true; speculation by the Court as to whether the allegations will ultimately be proven is not permitted.

2. **Defendants' Second and Third Affirmative Defenses:** Defendants' Second and Third Defenses are denied, and fail to state a valid defense to Plaintiff's claims for defamation. Under Florida law, it is the employer's right of control, not actual control, that is determinative of whether he has hired an employee or an independent contractor. Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag

CASE NO.: 05-2017-CA-034680 XXXXXX

Agency, Inc., and PATRICK FLOYD CONNER have supervisory power to control the method and detail of performance of the services rendered by Defendant, DAVID GLOVER on their behalf.

In avoidance of Defendants' Second and Third Defenses, Plaintiff would state that Defendant, DAVID GLOVER, acts as Defendants' apparent agent, and that any contract limiting Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER supervisory power to control the method and detail of performance of the services rendered by Defendant, DAVID GLOVER, would be void, and unenforcible as against the public policy of Florida. Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER's duty to control the method and detail of performance of the services rendered by Defendant, DAVID GLOVER is required by statute and Florida law, and is a non-delegable duty. Defendant, DAVID GLOVER cannot legally be employed to work independently as a real estate sales associate, as Florida law states that Defendant, DAVID GLOVER may not operate as a sales associate for any person not registered as his employer. Florida law requires that PATRICK FLOYD CONNER, as Defendant, DAVID GLOVER's qualifying broker, direct, control, and manage Defendant, DAVID GLOVER in his work. The defamatory statements of an agent, such as Defendant, DAVID GLOVER, performed within the scope of his real or apparent authority under his duties for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, are binding upon Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as the public has a right to rely upon an agent's apparent authority. General principles of vicarious liability establish that a principal is responsible for the wrongful acts of its agent if the agent was either acting (1) within the scope of its authority, or (2) during the course of the agency and to further a purpose or interest of the principal. Both of which are true in this case.

Additionally, in avoidance of Defendants' Second and Third Defenses, Plaintiff would state that a principal may be still be liable for the acts of its agent which were outside the scope of the agent's authority if the principal, as Defendants have done here, subsequently ratifies the actions. A principal

may ratify an agent's actions which would have otherwise been outside the scope of its authority by accepting the benefit of the agent's actions, which was done here.

Finally, § 768.81, Florida statutes, does not apply to an action for defamation. Plaintiff's damages as against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER should not be reduced comparatively, or be subject to a setoff because Defendants are jointly and severally liable.

3.     **Defendants' Fourth and Fifth Affirmative Defenses:** Defendants' Fourth and Fifth Defenses are denied, and fail to state a valid defense to Plaintiff's claims for defamation. § 768.81, Florida statutes, does not apply to an action for defamation. § 768.81, Florida statutes, by its own terms does not apply to any action brought by any person to recover actual economic damages resulting from pollution, to any action based upon an intentional tort, or to any cause of action as to which application of the doctrine of joint and several liability is specifically provided by chapter 403, chapter 498, chapter 517, chapter 542, or chapter 895. In order to include a nonparty on the verdict form, Defendants must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. This has not been done.

4.     **Defendants' Sixth Affirmative Defense:** Defendants' Sixth Defense is denied and fails to state a valid defense to Plaintiff's claims for defamation. Truth, in and of itself, is not a complete defense to an action for defamation. In this case, Defendants' defamatory statements were maliciously published with the intent to injure Plaintiff. Said statements about Plaintiff were not made with good motives, and inasmuch, truth, in and of itself, would not be a valid defense.

5.     **Defendants' Seventh Affirmative Defense:** Defendants' Seventh Defense is denied, and fails to state a valid defense to Plaintiff's claims for defamation. § 768.81, Florida Statutes, does not apply to any action for defamation. Moreover, Joint and several liability is alive and well in Florida. Being in derogation of the common law, § 768.81, Florida Statutes, must be strictly construed in favor of the

CASE NO.: 05-2017-CA-034680 XXXXXX

common law. § 768.81 applies only to civil actions for damages based upon a theory of negligence, strict liability, products liability, or professional malpractice.

6.      **Defendants' Eighth Affirmative Defense:** Defendants' Eighth Defense is denied, and fails to state a valid defense to Plaintiff's claims for defamation. Defendants are jointly and severally liable for Plaintiff's damages. Defendants have failed to direct, control, and manage a sales associate employed by them, which Defendants are required to do.

7.      **Defendants' Ninth Affirmative Defense:** Defendants' Ninth Defense is denied, and fails to state a valid defense to Plaintiff's claims for defamation.  On demurrer, all material allegations are accepted as true; speculation by the Court as to whether the allegations will ultimately be proven is not permitted. Plaintiff has alleged that it has lost business, goodwill, and commissions, does not have an adequate remedy at law, and that the public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

Dated:  December 7, 2017

Respectfully submitted,

**LIAM P. KELLY, P.A.**
Attorney for Plaintiff
10761 SW 104th Street
Miami, Florida 33176
Telephone: (786) 515-2786
E-mail:  lkelly@liamkellylaw.com

s/ Liam P. Kelly
By:_____
            LIAM P. KELLY
        Florida Bar No.: 0848867

CASE NO.: 05-2017-CA-034680 XXXXXX

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this December 7, 2017 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Meyers, Esq., and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley commons Court, Fort Meyers, FL 33907.

s/ Liam P. Kelly
_____
LIAM P. KELLY

Filing # 69788999 E-Filed 03/26/2018 12:40:31 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.
_____/

## MOTION FOR LEAVE TO SUPPLEMENT AND AMEND PLAINTIFF'S COMPLAINT

    Plaintiff, TGO REALTY, INC. ("TGO Realty") by and through its undersigned counsel and pursuant to Rule 1.190(a), (d) and (e), of the Florida Rules of Civil Procedure, files this Motion for Leave to Supplement and Amend the Complaint and states as follows:

    1.    Plaintiff filed its Complaint on or about July 5, 2017.

    2.    On or about October 27, 2017, TGO Realty discovered that an unknown entity had unlawfully registered TGO Realty's trade name and service mark as a domain name, which redirected visitors to the domain names to websites controlled by Defendants.   Similarly, certain Google search results displayed Plaintiff's trade name and service mark, but were linked to Defendants' domains and websites.

    3.    Plaintiff tried to determine the registrant for the domain name, but the registration information had been concealed by the wrongdoer using a service provided by Domains by Proxy, LLC.

    4.    Domains by Proxy, LLC was initially reluctant to reveal the perpetrator of the illegal registration.

    5.    Employing a relay email address provided by Domains by Proxy, LLC, TGO Realty demanded that the unknown registrant immediately cease and desist any and all infringing uses of the

TGO Realty trade name and service mark.

6.      Demand was further made that the then unknown registrant cancel the unlawful registration of the domain name, or transfer the domain name to TGO Realty.  TGO Realty requested that Domains by Proxy, LLC disclose the owner of the domain name for further legal action.

7.      This request was refused for quite some time until Domains by Proxy, LLC was served with a subpoena, on or about November 20, 2017.

8.      Thereafter, on or about January 23, 2018, Domains by Proxy, LLC finally revealed that Defendants had registered two infringing domain names using the TGO Realty trade name and service mark,  www.tgorealty.com and www.tgo-realty.com.

9.      Demands were made for Defendants to cease and desist the unlawful use of TGO Realty's trade name and service mark, and for damages.  Although Defendants removed the re-directs for the websites, it otherwise failed to comply.

10.     Plaintiff seeks to amend the Complaint to include additional claims it has against Defendants which relate to Defendants' ongoing unfair business practices and use of the TGO Realty trade name and service mark.

11.     Leave to amend a pleading may be freely given when justice so requires. Fla. R. Civ. P. 1.190(e). "A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action." See Assad v. Mendell, 550 So. 2d 52, 54 (Fla. 3d DCA 1989) (quoting Bondu v. Gurvich, 473 So. 2d 1307, 1310 n.2 (Fla. 3d DCA 1984)), review denied, 484 So. 2d 7 (Fla. 1986) (citing Greenburg v. Johnston, 367 So. 2d 229 (Fla. 2d DCA 1979)); Wayne Creasy Agency, Inc. v. Maillard, 604 So. 2d 1235, 1236 (Fla. Dist. Ct. App. 1992).

12.     The amendment proposed by Plaintiff is brought in good faith and not for purposes of delay, and will not unfairly prejudice any Defendant.

13.     Attached as Exhibit "A" is Plaintiff's proposed Second Amended Complaint.

         WHEREFORE, Plaintiff, TGO REALTY, INC. respectfully requests the Court to enter an order granting its Motion for Leave to Supplement and Amend the Complaint, and order that the Second Amended Complaint attached hereto be deemed filed as of the date of the Court's order, and grant any other relief this Court deems just and necessary.

Dated:  March 26, 2018

Respectfully submitted,

**LIAM P. KELLY, P.A.**
9719 South Dixie Highway, Suite 12
Pinecrest, Florida 33156
Telephone: (786) 515-2786
E-mail:  lkelly@liamkellylaw.com

s/ Liam P. Kelly

By:_____
LIAM P. KELLY
Florida Bar No.: 0848867

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this March 26, 2018 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907 and upon Defendant, DAVID GLOVER, c/o Shannan Field, Esq., 1079 Cheney Highway, Titusville, FL 32780.

s/ Liam P. Kelly

_____
LIAM P. KELLY

3

# EXHIBIT A

4

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

        Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

        Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, TGO REALTY, INC., by and through its undersigned counsel, hereby sues Defendants,

DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD

CONNER, and states:

### THE PARTIES

1.      Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a Florida for

profit real estate corporation, license no. CQ1002000, with its principal offices in Titusville, Florida.

2.      Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc. ("Flag Agency"),

is a Florida for profit real estate corporation, license no. CQ169900, with its principal offices in Titusville,

Florida.

3.      Defendant, DAVID GLOVER ("Glover"), an individual, currently holds a real estate

sales associate license issued August 30, 2016, no. SL3365318, is currently employed by Flag Agency, is

a resident of Titusville, Florida, and is otherwise *sui juris.*

5

4.      Due to the limitations of his license, Glover cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker, who is required to direct, control, and manage him in the conduct of his duties as an employee.

5.      Defendant, PATRICK FLOYD CONNER ("Conner"), an individual, is a real estate broker, license no. BK199779, is a resident of Titusville, Florida, and is otherwise *sui juris*. Conner is the qualifying broker for Flag Agency, as well as employees, David Wehnau, and Glover, among others.

## JURISDICTION AND VENUE

6.      This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

7.      The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and carry out a business or business venture within the state of Florida.

8.      Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

9.      State and federal courts have concurrent jurisdiction over Plaintiff's unfair competition, cyberpiracy, and other claims brought pursuant to the Lanham Act, 15 U.S.C. § 1125.

## FACTUAL BACKGROUND

10.     The Great Outdoors is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes.   The resort offers amenities such as a championship golf course, fine dining, pools, spas, and a fitness center.

11.     TGO Realty has been serving the local community continuously since 1995, and has exclusively used the "TGO Realty" trade name and service mark in its real estate business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.  The TGO Realty trade name and service mark is famous, and distinctive.

12.     TGO Realty has engaged in extensive and continuous advertising using the TGO Realty tradename and service mark, including print advertising, and online.

6

13.     The TGO Realty trade name and service mark is synonymous with Plaintiff's real estate business, and TGO Realty enjoys an unsurpassed and excellent business reputation with its customers, as well as its industry peers, as an ethical, first-in-class business, committed to the highest standards of professionalism.

14.     On August 30, 2016, Defendant, Glover became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

15.     During his employment with Island Living Real Estate, Glover attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

16.     Glover used improper and misleading signage and brochures in connection with his work as a sales associate with Island Living Real Estate, in violation of Florida Real Estate Commission ("FREC") rules, and Glover published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

17.     Island Living Real Estate personnel eventually discovered Glover's fraudulent and misleading conduct, and the pending litigation against him, and Glover's employment was terminated.  In said litigation, a final judgment was entered against Glover on July 21, 2017, in Brevard County Circuit Court, case no. 05-2017-CA-010768-XXXXXX, styled *Kenneth J. Wilson, et al. v. David Glover, et al.*

18.     After his termination from Island Living Real Estate, Glover was hired by Defendants, Flag Agency, and Conner, as his qualifying broker, to be a sales associate.

19.     Despite losing his job with Island Living Real Estate for improper conduct, Glover continued engaging in improper conduct with his new employer, Flag Agency, and Conner, his qualifying broker.

20.     Specifically, Glover began focusing on slandering TGO Realty in a deliberate and malicious manner to TGO Realty's customers, prospective customers, and to members and residents of The Great Outdoors community.

21.     While performing his duties as a sales associate for Flag Agency and Conner, Glover lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying

7

Defendants' yard signs and advertisements. Such conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a felony of the third degree.

22.     While performing his duties as a sales associate for Defendants, Flag Agency, and Conner, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers.   Such conduct, if true, would be a criminal violation of § 475.42 FLA. STAT. (2017), and a felony of the third degree.

23.     On May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, did maliciously lie and tell a home seller, and others, that TGO Realty sales associates are not licensed.

24.     On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed and could not legally show properties for sale.

25.     On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

26.     On or about  April and May of 2017, TGO Realty discovered that Glover, on behalf of Flag Agency, Inc., was advertising Flag Agency's services using the domain name www.TGOHomes.com, a domain name confusingly similar to the TGO Realty trade name and service mark.

27.     Flag Agency, Inc. and Glover sought to unlawfully confuse and deceive potential customers of TGO Realty, and unlawfully profit from use of TGO Realty's trade name and service mark.

28.     Thereafter TGO Realty demanded, by and through counsel, that Flag Agency cease and desist any further use of any confusing combination of "TGO" and "Homes" in its advertising. In response, on or about May 2, 2017, Flag Agency agreed to thereafter stop using TGOHomes.com, or any similarly confusing combination of "TGO" and "Homes" in its advertising.

29.     Less than a month after Flag Agency agreed to stop its unfair competition against TGO

8

Realty, in June of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that Glover had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

30.    Glover also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

31.    In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn, and told her that he had chosen to list with Glover and Defendants after hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty. John Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list with Defendants, rather than TGO Realty.

32.    On April 24, 2017, Chad P. Conner, of Flag Agency, acknowledged to Plaintiff that he was aware of the statements made by Glover that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants, and was aware of Glover's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask Glover to provide them to him.

33.    In October of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told the owners of 474 Oak Cove Road in The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing signage belonging to Defendants, and unlawfully manipulating real estate transactions, to interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

34.    The malicious lies Glover, told Heidi Brown, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner influenced her to publish a rant against TGO Realty on a Facebook page catering to property owners in The Great Outdoors community.

35.    Apparently proud of what he had done, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, sent a text message to TGO Realty broker associate

9

Ann Patch West containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

36.     On or about October 17, 2017, in violation of the May 2, 2017, agreement to stop using TGO Realty's trade name and service mark, Flag Agency employee David Wehnau registered three new domain names on behalf of Flag Agency, including DSW-Homes.com, www.tgorealty.com and www.tgo-realty.com.

37.     After registration, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website. This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert potential customers looking for TGO Realty to Flag Agency. Additionally, internet searches for "TGO Realty" using Google and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

38.     Aware that this activity was unethical and unlawful, Flag Agency employees attempted to conceal the registration of the infringing domain names by entering into an agreement with Domains by Proxy, LLC, an entity that agreed to hide the identifying ICANN information regarding the registration of the domain names from disclosure to third parties, such as TGO Realty, for a fee.

39.     On or about October 27, 2017, TGO Realty discovered Flag Agency's efforts to mislead TGO Realty's customers, and potential customers. However, at that time, Domains by Proxy, LLC had not yet provided the registration information with regard to the infringing domain names to TGO Realty, although it did provide a "relay" email address for TGO Realty to indirectly contact the registrant of the domain names.

40.     Employing the relay email address, provided by Domains by Proxy, LLC, TGO Realty demanded that the registrant immediately cease and desist any and all infringing uses of the TGO Realty trade name and service mark. Inasmuch, the registrant, Flag Agency, was expressly notified that the registration of TGO Realty's trade name and service mark as a domain name violates Florida and federal law, including the Lanham Act, §§ 1125(a) and (d), United States Code.

10

41.     Demand was further made that Flag Agency, as registrant, cancel the unlawful registration of the domain names, or transfer the domain names to TGO Realty.  On that date, TGO Realty also requested that Domains by Proxy, LLC disclose the owner of the domain names, for further legal action. Although Flag Agency removed the redirect for <u>one</u> of the domain names at that time, it otherwise failed to comply with TGO Realty's demand.

42.     However, TGO Realty was ultimately able to determine that Flag Agency was responsible for the registration of the infringing domain names by serving a subpoena upon Domains by Proxy, LLC, who revealed the registration information relating to the infringing domain names.

43.     On January 26, 2018, TGO Realty made a <u>third</u> demand upon Flag Agency to cease and desist its unlawful use of TGO Realty's trade name and service mark and for statutory damages. Although Flag Agency removed the remaining redirect for the websites upon receipt of the demand, it otherwise failed to comply.

44.     To date, Defendants' unlawful conduct and slander has resulted in some 28 known former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

45.     Defendants, Flag Agency, and Conner, as qualifying broker, were aware of the lies being told by their employee, and the actions of their employees David Wehnau and Glover, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

46.     Flag Agency and Conner, Glover and David Wehnau's employer, and qualifying broker, have each failed to direct, control, or properly manage said employees in the performance of their duties, in violation of § 475.25(1)(u), and Florida law.

47.     Defendants, Flag Agency, and Conner, as qualifying broker, are vicariously liable for Glover's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of Glover's defamatory statements, which resulted in additional business and commissions for Defendants.

11

48.      Flag Agency, and Conner, as qualifying broker were made aware of the slanderous statements of Glover.   However, neither Flag Agency, nor Conner took any steps to investigate or discipline Glover, or otherwise stop his defamatory statements about Plaintiff.

49.      Defendant, Conner, as qualifying broker, is liable for Glover's defamatory statements directed against Plaintiff by virtue of his duties as qualifying broker at Flag Agency, and his employment of Glover.

50.      All conditions precedent to this action have been performed, waived or excused.   As a result of Defendants' actions, Plaintiff has been compelled to retain Liam Kelly and Liam P. Kelly, P.A. to represent it in this action, and is obligated to pay a reasonable fee for services rendered herein.

### COUNT I
Slander Per Se (Florida Common Law)

51.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52.      Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

53.      Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

54.      Certain of the falsehoods uttered by Glover to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by Glover would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

55.      A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

12

56.     Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, Glover, has made against Plaintiff.

57.     Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

58.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper

## COUNT II
### Slander Per Quod (Florida Common Law)

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

60.     Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

61.     Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

62.     The falsehoods uttered by Glover to third parties would, if true, be conduct  that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

63.     The falsehoods uttered by Glover to third parties were intended by Glover to injure Plaintiff and were made with malice.

64.     Plaintiff has been damaged by Glover's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

13

65.     Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

66.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

### COUNT III
Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a))

67.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

68.     The use of TGO Realty's trade name and service mark is a violation of the Lanham Act where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Flag Agency, Inc. constitutes a false representation that its services come from TGO Realty.

69.     TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

70.     Defendant has used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and previously the confusingly similar domain name TGOHomes.com.

71.     Defendants used the infringing marks in commerce as, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website.  This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert those customers to Flag Agency.  Additionally, internet searches for "TGO Realty" using Google

14

and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

72.     Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, enhanced damages, Defendants' profits, costs, and attorney's fees pursuant to 15 U.S.C. § 1117(a), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT IV**
Trade Name and Service Mark Dilution (Florida Anti-Dilution Statute, § 495.151)

73.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

74.     TGO Realty is the owner of the unregistered TGO Realty trade name and service mark, which is distinctive.

75.     Flag Agency, and Conner are business competitors with TGO Realty, and have used the TGO Realty trade name and service mark.

76.     Defendants' use of the TGO Realty trade name and service mark creates a likelihood of injury to TGO Realty's business reputation, and dilution of the trade name and service mark's distinctive quality.

77.     Defendants' use of the TGO Realty trade name and service mark decreases its commercial value to TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, and attorney's fees pursuant to § 495.141, Fla. Stat. (2018), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT V
### Trade Name and Service Mark Infringement (Florida Common Law)

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

79.     The use of TGO Realty's unregistered trade name and service mark is a violation of Florida common law where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Defendants constitutes a false representation that Flag Agency's services come from TGO Realty.

80.     TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

81.     Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com.

82.     Defendants have used the infringing marks in commerce.

83.     Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, Flag Agency, and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VI
### Unfair Competition (Florida Common Law)

84.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

85.     TGO Realty is the prior user of the TGO Realty trade name and service mark.

86.     The TGO Realty trade name and service mark is arbitrary, suggestive, and has acquired secondary meaning as being associated with Plaintiff's business.

87.     Defendants have used the TGO Realty trade name and service mark and confusingly similar trade name and service marks to indicate or identify similar services Defendants offer in

16

competition with Plaintiff, in the same trade area in which Plaintiff has already established its trade name and service mark.

88.    As a result of Defendants' actions, consumer confusion as to the source or sponsorship of Defendants' services is likely.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT VII**
Cyberpiracy (Lanham Act, 15 U.S.C. § 1125(d))

89.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

90.    The TGO Realty trade name and service mark is distinctive, famous, and entitled to protection.

91.    Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com. Defendants' domain names are identical or confusingly similar to the plaintiff's trade name and service mark.

92.    Defendants registered the domain names with the bad faith intent to profit from them, as Defendants had no intellectual property rights in the TGO Realty trade name and service mark. TGO Realty is Plaintiff's legal and commonly used name. Defendants have unlawfully used the TGO Realty name as domain names with the intent to confuse consumers, and Defendants intended to divert consumers from Plaintiff's websites.

93.    Defendants attempted to conceal their registration of the domain names, and Defendants' conduct was malicious, fraudulent, deliberate, willful, and undertaken in bad faith and with intent to profit.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and

17

severally, for damages, enhanced damages, Defendant's profits, costs, and attorney's fees, pursuant to 15 U.S.C. § 1117(a), alternative, elective, statutory damages pursuant to 1125(d)(1), and injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VIII
### Permanent Injunction (Florida Common Law)

94.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

95.     Defendants' acts of defamation will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

96.     Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

97.     Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

98.     It serves the public interest to protect businesses from unlawful defamation.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a.     falsely stating or publishing statements to others, in their trade or business, that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in fictive tortious or criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for Defendants, when in fact they are not, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, or has improperly stopped consumers from buying properties at The Great Outdoors;

and that:

b.     Plaintiff have and recover its costs in this suit; and that

c.      Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

## COUNT IX
Permanent Injunction (Lanham Act, Florida Anti-Dilution Statute, Florida Common Law)

99.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

100.    Defendants' unlawful use of Plaintiff's trade name and service mark will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

101.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

102.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

103.    It serves the public interest to protect trade name and service marks from unlawful use and dilution, prevent confusion among the public, and unfair competition.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and prays that FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or in combination with other words or symbols, in any manner, in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of Defendants' services;

b. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or any facsimile of TGO Realty's trade name and service mark, alone or in combination with other words or symbols, in any manner, which causes, or is likely to cause, consumers to believe that any services of Defendants are provided by TGO Realty, or that Defendants have any connection with Plaintiff;

c. filing applications for registration of or registering the TGO Realty trade name and service mark in any city, county, or state or with the United States or any foreign country;

19

d. representing to the public, directly or indirectly, that the services Defendants offer are the services of Plaintiff;

e. unfairly competing with Plaintiff by using the TGO Realty trade name and service mark, or any facsimile of Plaintiff's mark in the marketing of any of Defendants' services;

f. injuring Plaintiff's business reputation and diluting the distinctive quality and value of Plaintiff's trade name and service mark through the use of the TGO Realty trade name and service mark, or any other designation that is confusingly similar to Plaintiff's trade name and service mark, in any manner whatsoever in the marketing of any of Defendants' services;

g.      filing applications for registration of, or registering the TGO Realty trade name and service mark as a domain name;

and that:

h.      Defendants be ordered to transfer, at their expense, the registered domain names www.tgorealty.com, www.tgo-realty.com, and, TGOHomes.com, to Plaintiff;

i.      Plaintiff be awarded its attorneys' fees in view of the extraordinary nature of this case, pursuant to 15 U.S.C. § 1117(a) and § 495.141, Fla. Stat. (2018);

j.      Plaintiff have and recover its costs in this suit; and that

k.      Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

Dated: March 26, 2018

                                    Respectfully submitted,

                                    **LIAM P. KELLY, P.A.**
                                    9719 South Dixie Highway, Suite 12
                                    Pinecrest, Florida 33156
                                    Telephone: (786) 515-2786
                                    E-mail:  lkelly@liamkellylaw.com

                                        s/ Liam P. Kelly
                                    By:_____
                                            LIAM P. KELLY
                                        Florida Bar No.: 0848867

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this March 26, 2018 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907 and upon Defendant, DAVID GLOVER, c/o Shannan Field, Esq., 1079 Cheney Highway, Titusville, FL 32780.

s/ Liam P. Kelly

LIAM P. KELLY

21

Filing # 74260470 E-Filed 06/28/2018 03:30:29 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC., a Florida for profit real
estate corporation,

    Plaintiff,

v.

DAVID GLOVER, an individual and FLAG
AGENCY, INC., d/b/a Century 21 Flag
Agency, Inc., a Florida for profit real estate
corporation, and PATRICK F. CONNOR, an
individual,

    Defendants.

Case No. 2017-CA-034680

## NOTICE OF FILING NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

   Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., a Florida for profit real estate corporation, and PATRICK F. CONNOR, an individual (collectively "Defendants"), hereby notify this Court of the removal of this cause to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 on June 28, 2018. A true and correct copy of the Notice of Removal filed with the Clerk of the United States District Court for the Middle District of Florida is attached hereto as Exhibit A.

DATED: June 28, 2018

        Respectfully submitted,

        BROAD AND CASSEL LLP

        By: */s/ Nicolette C. Vilmos*

1

Nicolette C. Vilmos, P.L. (0469051)
Email: nvilmos@broadandcassel.com
Bank of America Center
390 North Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: 407.839.4200
Facsimile: 407.425.8377

and

James R. Myers, Esq. (896489)
Chartwell Law
12486 Brantley Commons Court
Fort Myers, FL 33907
Main (239) 489-1911
Fax (239) 425-3509
jmyers@chartwelllaw.com

Attorneys for Defendants, Flag Agency, Inc.,
d/b/a Century 21 Flag Agency, Inc., and Patrick F.
Connor

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF System which will send a Notice of Electronic Filing to all email

addresses designated by the attorneys and/or parties listed on the Electronic Service List generated

by the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served

via electronic mail delivery this day on all counsel of record identified below.

| | |
|---|---|
| Liam P. Kelly, Esquire (0848867)<br>Liam P. Kelly, P.A.<br>10761 SW 104th Street<br>Miami, FL 33176<br>lkelly@liamkellylaw.com<br>Attorney for Plaintiff<br><br>Shannan Field, Esq. (95572)<br>The Law Office of Shannan M. Field, PA<br>1079 Cheney Highway<br>Titusville, FL 32780 | Maurice Arcadier, Esquire (0131180)<br>Stephen Biggie, Esquire (0084035)<br>Joseph C. Wood, Esquire (0093839)<br>Ethan B. Babb, Esquire (127488)<br>Arcadier, Biggie And Wood, PLLC<br>2815 W. New Haven, Suite 304<br>Melbourne, Florida 32904<br>office@wamalaw.com<br>arcadier@wamalaw.com<br>Attorneys for Defendant David Glover |

2

| shannanfield@yahoo.com | |
| Attorney for Defendant David Glover | |

/s/ Nicolette C. Vilmos
Nicolette C. Vilmos (0469051)

RECEIVED

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2018 JUN 28  PM 2: 50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

TGO REALTY, INC., a Florida for profit real
estate corporation,

        Plaintiff,

v.

DAVID GLOVER, an individual and FLAG
AGENCY, INC., d/b/a Century 21 Flag
Agency, Inc., a Florida for profit real estate
corporation, and PATRICK F. CONNOR, an
individual,

        Defendants.

Case No. _____

Brevard County Case No.: 2017-CA-034680

### DEFENDANTS' NOTICE OF REMOVAL

        Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., a Florida for

profit real estate corporation, and PATRICK F. CONNOR, an individual (collectively

"Defendants"), and through its undersigned counsel and pursuant to Title 28, United States Code,

sections 1331, 1367(a), 1441, and 1446, hereby files this, its Notice of Removal, and in support

thereof, states as follows:

        1.      Removal of this cause is authorized and filed pursuant to 28 U.S.C. § 1331 and 28

U.S.C. §1441.

        2.      On July 5, 2017, Plaintiff initiated an action against Defendant in the Circuit Court

of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Civil Division, Case

Number 05-2017-CA-034680.

        3.      The Summons, original Complaint in the aforementioned state court action were

served on Defendants, on July 8, 2017. True and correct copies of the Summons, Complaint, and

Exhibit A

all other process and pleadings served upon Defendants in this cause (except discovery) are attached hereto as Composite Exhibit "1."

    4.    The original and amended complaints only alleged causes of action for Slander Per Se and Slander Per Quod.

    5.    However, the Second Amended Complaint proposes to add new causes of action for:

        a.    Violations of the Lanham Act, 15 U.S.C. 1125(a)

        b.    Trade Name and Service Mark Dilution

        c.    Trade Name and Service Mark Infringement (Florida Common Law)

        d.    Unfair Competition (Florida Common Law)

        e.    Cyberpiracy (Lanham Act 15 U.S.C. 1125(d)

        f.    Injunctive Relief under Florida Law and Lanham Act

        g.    Lanham Act, Florida Anti-Dilution Statute and Florida Common Law

    6.    On March 26, 2018, Plaintiff filed a Motion for Leave to file a Second Amended Complaint (the "Motion for Leave to Amend"). A true and correct copy of the Motion for Leave to Amend is attached hereto as Exhibit "1." The state court has not ruled upon Plaintiff's Motion For Leave to Amend Complaint and thus the Notice of Removal is filed as required by 28 U.S.C. §1446.

    7.    "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441 over Plaintiff's Lanham Act claims as they arise under the Constitution, laws or treaties of the United States. *Id.*

2

8.      Defendant is entitled to remove Plaintiff's proposed Second Amended Complaint to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9.      Accordingly, Defendant is entitled to remove Plaintiff's proposed Second Amended Complaint to this Court because this Court has original jurisdiction over the new claims and the state court action is currently pending in this District and Division. 28 U.S.C. §1441(a).

10.     Because this Court has original jurisdiction over Plaintiff's Lanham Act claims, the Court also has supplemental jurisdiction over Plaintiff's claims arising under Florida law. 28 U.S.C. §1367(a).

11.     This Court should exercise supplemental jurisdiction over Plaintiff's claims arising under Florida law because all of the claims alleged in the Second Amended Complaint arise from the same core of alleged operative facts and involve substantially similar questions of law, and therefore form part of the same case or controversy. 28 U.S.C. § 1367(a). Moreover, the claims brought under Florida law do not involve novel or complex issues of state law, and there are no other considerations that would prevent this Court from adjudicating those claims.

12.     Based on the foregoing, all claims alleged in the Second Amended Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

13.     The Notice of Removal attached hereto will be promptly served on all adverse parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. §1446(d).

WHEREFORE, Defendants respectfully requests that this case proceed in this Court as an action properly removed to it, and that this Court assume full and complete jurisdiction thereof

and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

DATED:   June 28, 2018

Respectfully submitted,

BROAD AND CASSEL LLP

By:    */s/ Nicolette C. Vilmos*
Nicolette C. Vilmos, P.L. (0469051)
Email: nvilmos@broadandcassel.com
Bank of America Center
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: 407.839.4200
Facsimile: 407.425.8377

and

James R. Myers, Esq. (896489)
Chartwell Law
12486 Brantley Commons Court
Fort Myers, FL 33907
Main (239) 489-1911
Fax (239) 425-3509
jmyers@chartwelllaw.com

Attorneys for Defendants, Flag Agency, Inc., d/b/a Century 21 Flag Agency, Inc., and Patrick F. Connor

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served via electronic mail delivery this day on all counsel of record identified below.

| Liam P. Kelly, Esquire (0848867) | Maurice Arcadier, Esquire (0131180) |
|---|---|
| Liam P. Kelly, P.A. | Stephen Biggie, Esquire (0084035) |
| 10761 SW 104th Street | Joseph C. Wood, Esquire (0093839) |
| Miami, FL 33176 | Ethan B. Babb, Esquire (127488) |
| lkelly@liamkellylaw.com | Arcadier, Biggie And Wood, PLLC |
| Attorney for Plaintiff | 2815 W. New Haven, Suite 304 |

4

| | |
|---|---|
| Shannan Field, Esq. (95572)<br>The Law Office of Shannan M. Field, PA<br>1079 Cheney Highway<br>Titusville, FL 32780<br>shannanfield@yahoo.com<br>**Attorney for Defendant David Glover** | Melbourne, Florida 32904<br>office@wamalaw.com<br>arcadier@wamalaw.com<br>**Attorneys for Defendant David Glover** |

/s/ Nicolette C. Vilmos
Nicolette C. Vilmos
Florida Bar No.:  0469051

5

Filing # 74643324 E-Filed 07/09/2018 02:44:19 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC. A Florida
For Profit Real Estate Corporation,

      Plaintiff,

v.                                                                    Case No. 2017-CA-034680

DAVID GLOVER, an individual,
and FLAG AGENCY, INC. d/b/a CENTURY
21 FLAG AGENCY, INC. a Florida
For Profit Real Estate Corporation, and
PATRICK F. CONNER, an individual,

      Defendants.
_____/

### ORDER

This cause comes before the Court, on Defendant, DAVID GLOVER's Notice of Substitution of Counsel, filed on June 27, 2018. Based upon this joint stipulation, and a review of the record in the case, it is ORDERED AND ADJUDGED:

1. DAVID GLOVER's Notice of Substitution of Counsel, is hereby **GRANTED.**

2. Maurice Arcadier, Esq. substitutes in the place of Shannan M. Field, Esq. as counsel for the Defendant, DAVID GLOVER.

3. DAVID GLOVER is aware of this substitution and has no objection.

4. All further pleadings shall be directed to Maurice Arcadier, Esq. and Arcadier, Biggie and Wood, PLLC. at 2815 W. New Haven Ave. #304 Melbourne, Florida 32904.

5. Pursuant to Florida Rules of Judicial Administration 2.516(b)(1), effective September 1, 2012, the following are hereby designated with the respective e-mail addresses for service of pleadings and documents in this lawsuit:

      Primary e-mail:     office@wamalaw.com
      Secondary e-mail:  arcadier@wamalaw.com.

DONE AND ORDERED in Chambers, at Viera, Brevard County, Florida, this _____ 6 ___ day of

June , 2018.

Honorable Judge Stephen Koons
Circuit Court Judge

Copies to:
All parties of record.

Filing # 75308304 E-Filed 07/20/2018 05:58:22 PM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

     Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

     Defendants.

_____/

## NOTICE OF FILING REMAND ORDER

     Plaintiff, TGO REALTY, INC., hereby notifies this Court that this cause has been REMANDED

by the United States District Court for the Middle District of Florida, pursuant to an order of said court of

July 13, 2018, a true and correct copy of which is attached hereto.

Dated: July 20, 2018

     Respectfully submitted,

     **LIAM P. KELLY, P.A.**
     9719 South Dixie Highway, Suite 12
     Village of Pinecrest, Florida 33156
     Telephone: (786) 515-2786
     E-mail:  lkelly@liamkellylaw.com

       /s/ Liam P. Kelly
By:_____
       LIAM P. KELLY
     Florida Bar No.: 0848867

CASE NO.: 05-2017-CA-034680

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served electronically pursuant to FLA. R. JUD. ADMIN. 2.516(b)(1), this July 20, 2018, upon

Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, by and through their attorneys: James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907, <u>jmyers@chartwelllaw.com</u>, <u>jteitelbaum@chartwelllaw.com</u>, <u>wpruneda@chartwelllaw.com</u>; and

Nicolette C. Vilmos, Esq. Nicolette C. Vilmos, P.L., Broad and Cassel, LLP, Bank of America Center, 390 North Orange Ave, Suite 1400, Orlando, FL 32801, <u>nvilmos@broadandcassel.com</u>, <u>dkalman@broadandcassel.com</u>, <u>choward@broadandcassel.com</u>;

and upon Defendant, DAVID GLOVER, by and through his attorneys, Maurice Arcadier, Esq., Stephen Biggie, Esq., Joseph C. Wood, Esq., Ethan B. Babb, Esq., Arcadier, Biggie and Wood, PLLC, 2815 W. New Haven, Suite 304, Melbourne, Florida, 32904, <u>office@wamalaw.com</u>, <u>arcadier@wamalaw.com</u>.

/s/ Liam P. Kelly

_____

LIAM P. KELLY

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TGO REALTY, INC.,

           Plaintiff,

v.                                 Case No:   6:18-cv-1026-Orl-31DCI

DAVID GLOVER, FLAG AGENCY, INC.
and PATRICK F. CONNER,

           Defendants.

---

## ORDER

Upon consideration of the removing parties' response (Doc. 15) to the Order to Show

Cause regarding jurisdiction (Doc. 13), it is hereby

     ORDERED that the Order to Show Cause is **DISCHARGED,** and this matter is

**REMANDED** to the Circuit Court of the 18th Judicial Circuit, in and for Brevard County,

Florida.   The Clerk is directed to terminate all pending motions and close the file.

     **DONE and ORDERED** in Chambers, Orlando, Florida on July 13, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

Filing # 78174073 E-Filed 09/20/2018 01:03:56 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR BREVARD COUNTY, FLORIDA

TGO REALTY, INC. A Florida
For Profit Real Estate Corporation,

     Plaintiff,

v.                                                  Case No. 2017-CA-034680

DAVID GLOVER, an individual,
and FLAG AGENCY, INC. d/b/a CENTURY
21 FLAG AGENCY, INC. a Florida
For Profit Real Estate Corporation, and
PATRICK F. CONNER, an individual,

     Defendants.
_____/

### **ORDER**

    This cause comes before the Court, on Defendant, DAVID GLOVER's Verified Motion to

Vacate Clerk Default filed on October 6, 2017. Based upon a review of the record in the case, it

is ORDERED AND ADJUDGED:

    1.  DAVID GLOVER's Verified Motion to Vacate Clerk Default, is hereby **GRANTED**.

    2.  _____

DONE AND ORDERED in Chambers, at Viera, Brevard County, Florida, this _17th_ day of

September, 2018.

                                              _____
                                     Honorable Judge Stephen Koons
                                     Circuit Court Judge

Copies to:
All parties of record.

Exhibit 1

Filing # 79260923 E-Filed 10/12/2018 12:31:08 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.

_____/

## ORDER GRANTING LEAVE TO AMEND COMPLAINT

This matter came before the Court on Plaintiff's Motion for Leave to Supplement and Amend the

Complaint, dated March 26, 2018, and the Court, pursuant to Rule 1.190(a), (d) and (e), of the Florida

Rules of Civil Procedure, and being fully advised in the premises, it is hereby

      ORDERED:

      1.    Plaintiff's Motion for Leave to Supplement and Amend the Complaint is hereby

GRANTED;   *Thirty days to answer,*

      2.    Plaintiff shall serve the Second Amended Complaint, attached to Plaintiff's Motion for

Leave to Supplement and Amend the Complaint as Exhibit "A," pursuant to Rule 1.140(a)(4).

      DONE AND ORDERED, in   *Viera*  , on October 5, 2018

CIRCUIT COURT JUDGE    STEPHEN R. KOONS

Filing # 79260994 E-Filed 10/12/2018 12:32:06 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680 XXXXXX

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.

_____/

## ORDER DIRECTING THE PRODUCTION OF
## RECORDS PURSUANT TO THE FEDERAL COMMUNICATIONS ACT

This matter came before the Court on Plaintiff's Motion for Order Directing the Production of Records Pursuant to the Federal Communications Act, seeking production of certain records and information sought by Plaintiff's May 6, 2018, Subpoena Duces Tecum, served upon non-party Charter Communications, Inc. ("Charter"), that contain or disclose Personally Identifiable Information ("PII"), concerning individual Charter subscribers who, on certain dates, used certain IP Addresses that were registered to Charter, and the Court, being fully advised in the premises, it is hereby

ORDERED:

1)    Disclosure of the names and addresses of one or more Charter subscribers ("Subscribers") is appropriate and necessary for the disposition of this Action;

2)    Counsel for Plaintiff shall provide Charter with a copy of this Order, and agree to pay any reasonable copying and search costs for producing records responsive to this Order, and Plaintiff's May 6, 2018 Subpoena;

3)    Consistent with 47 U.S.C .§ 551(c)(2)(B), Charter shall give notice to any Subscriber

who was associated with the IP address 184.90.71.45 (hereafter, "Address No. 1"), on the following 4

dates and times:

> Address No. 1 on the date, 2018-01-04, at the time 14:59:55.0;
> Address No. 1 on the date, 2018-01-04, at the time 20:04:12.0;
> Address No. 1 on the date, 2018-01-05, at the time 20:05:31.0;
> Address No. 1 on the date, 2018-01-05, at the time 20:05:40.0;

Charter shall also give notice to any Subscriber who was associated with the IP address 184.90.123.222

("Address No. 2"), on the following 17 dates and times:

> Address No. 2 on the date, 2018-01-18, at the time 17:44:21.0;
> Address No. 2 on the date, 2018-01-18, at the time 17:44:33.0;
> Address No. 2 on the date, 2018-01-18, at the time 17:44:40.0;
> Address No. 2 on the date, 2018-01-25, at the time 19:34:16.0;
> Address No. 2 on the date, 2018-01-26, at the time 00:43:32.0;
> Address No. 2 on the date, 2018-01-27, at the time 19:17:35.0;
> Address No. 2 on the date, 2018-02-01, at the time 12:16:49.0;
> Address No. 2 on the date, 2018-02-03, at the time 01:45:27.0;
> Address No. 2 on the date, 2018-02-06, at the time 13:24:21.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:09:00.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:09:50.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:15:33.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:15:43.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:16:55.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:18:01.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:36:55.0;
> Address No. 2 on the date, 2018-02-16, at the time 20:37:12.0;

advising any such Subscriber, or Subscribers, that Charter has been ordered to disclose his or her name

and address and that such disclosure will be required by this Court's Order unless such Subscriber files an

objection with this Court, no later than fourteen (14) days from the date that said notice is provided;

4)    Charter shall advise Plaintiff's counsel of the date the Subscriber, or Subscribers, were

notified and further whether any Subscriber has responded or indicated an intention to oppose disclosure

within the fourteen (14) days provided for a response;

5)    If any Subscriber fails to file an objection or response with this Court no later than

fourteen (14) days from the date that the aforementioned notice is provided, Charter shall, with regard to

any such Subscriber: a) fully respond to Plaintiff's Subpoena of May 6, 2018; and b) disclose the relevant

names and addresses of the above indicated Subscriber, or Subscribers, within five (5) days thereafter,

however, provided that if any affected Subscriber files with this Court, a responsive pleading, opposition,

or other challenge of the disclosure of his or her PII, within the allotted time period, Charter will not be required to disclose the requested information unless and until this Court considers and disposes of any such challenge.

DONE AND ORDERED, in ___Viera___, on October 5, 2018

CIRCUIT COURT JUDGE     STEPHEN R. KOONS

Filing # 79263829 E-Filed 10/12/2018 01:09:28 PM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

       Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

       Defendants.
_____/

## SECOND AMENDED COMPLAINT

    Plaintiff, TGO REALTY, INC., by and through its undersigned counsel, hereby sues

Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and

PATRICK FLOYD CONNER, and states:

### THE PARTIES

    1.    Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a

Florida for profit real estate corporation, license no. CQ1002000, with its principal offices in

Titusville, Florida.

    2.    Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc. ("Flag

Agency"), is a Florida for profit real estate corporation, license no. CQ169900, with its principal

offices in Titusville, Florida.

    3.    Defendant, DAVID GLOVER ("Glover"), an individual, currently holds a real

estate sales associate license issued August 30, 2016, no. SL3365318, is currently employed by

Flag Agency, is a resident of Titusville, Florida, and is otherwise *sui juris*.

4.      Due to the limitations of his license, Glover cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker, who is required to direct, control, and manage him in the conduct of his duties as an employee.

5.      Defendant, PATRICK FLOYD CONNER ("Conner"), an individual, is a real estate broker, license no. BK199779, is a resident of Titusville, Florida, and is otherwise *sui juris*. Conner is the qualifying broker for Flag Agency, as well as employees, David Wehnau, and Glover, among others.

## JURISDICTION AND VENUE

6.      This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

7.      The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and carry out a business or business venture within the state of Florida.

8.      Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

9.      State and federal courts have concurrent jurisdiction over Plaintiff's unfair competition, cyberpiracy, and other claims brought pursuant to the Lanham Act, 15 U.S.C. § 1125.

## FACTUAL BACKGROUND

10.     The Great Outdoors is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes. The resort offers amenities such as a championship golf course, fine dining, pools, spas and a fitness center.

11.     TGO Realty has been serving the local community continuously since 1995, and has exclusively used the "TGO Realty" trade name and service mark in its real estate business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.  The TGO Realty trade name and service mark is famous, and distinctive.

2

12.     TGO Realty has engaged in extensive and continuous advertising using the TGO Realty tradename and service mark, including print advertising, and online.

13.     TGO Realty is synonymous with Plaintiff's real estate business, and TGO Realty enjoys an unsurpassed and excellent business reputation with its customers, as well as its industry peers, as an ethical, first-in-class business, committed to the highest standards of professionalism.

14.     On August 30, 2016, Defendant, Glover became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

15.     During his employment with Island Living Real Estate, Glover attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

16.     Glover used improper and misleading signage and brochures in connection with his work as a sales associate, in violation of Florida Real Estate Commission ("FREC") rules, and Glover published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

17.     Island Living Real Estate personnel eventually discovered Glover's fraudulent and misleading conduct, and the pending litigation against him, and his employment was terminated.   In said litigation, a final judgment was entered in Brevard County Circuit Court against Glover, on July 21, 2017, the matter styled, *Kenneth J. Wilson, et al. v. David Glover, et al.,* Case No. 052017CA010768XXXXXX.

18.     After his termination from Island Living Real Estate, DAVID GLOVER was hired by Defendants, Flag Agency, and Conner, as his qualifying broker, to be a sales associate.

21.     Despite losing his job with Island Living Real Estate for improper conduct, Glover continued engaging in improper conduct with his new employer, Flag Agency, and Conner, his qualifying broker.

22.     Specifically, from the time of his termination from Island Living Real Estate, DAVID GLOVER began focusing on slandering Plaintiff in a deliberate and malicious manner to

TGO Realty's customers, prospective customers, and to members and residents of The Great Outdoors community.

23.     While performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying Defendants' yard signs and advertisements. Such conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a felony of the third degree.

24.     While performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers.   Such conduct, if true, would be a criminal violation of § 475.42 FLA. STAT. (2017), and a felony of the third degree.

25.     On May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, did maliciously lie and tell a home seller and others that TGO Realty sales associates are not licensed.

26.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed and could not legally show properties for sale.

27.     On or about May 29, 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Bob and Vicki Baber that TGO Realty

4

improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

28.    On or about   April and May of 2017, TGO Realty discovered that DAVID GLOVER, on behalf of Flag Agency, Inc., was advertising Flag Agency's services using the domain name www.TGOHomes.com, a domain name confusingly similar to the TGO Realty trade name and service mark.

29.    Flag Agency, Inc. and Glover sought to unlawfully confuse and deceive potential customers of TGO Realty, and unlawfully profit from use of TGO Realty's trade name and service mark.

30.    Thereafter TGO Realty demanded, by and through counsel, that Flag Agency cease and desist any further use of any confusing combination of "TGO" and "Homes" in its advertising. In response, on or about May 2, 2017, Flag Agency agreed to thereafter stop using TGOHomes.com, or any similarly confusing combination of "TGO" and "Homes" in its advertising.

31.    Less than a month after Flag Agency agreed to stop its unfair competition against TGO Realty, in June of 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that DAVID GLOVER had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

32.    DAVID GLOVER also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

33.    In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn, and told her that he had chosen to list with DAVID GLOVER and Defendants after hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty.   John

Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list with Defendants, rather than TGO Realty.

34.     In October of 2017, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, maliciously lied and told the owners of 474 Oak Cove Road in The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing signage belonging to Defendants, and unlawfully manipulating real estate transactions, to interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

35.     The malicious lies DAVID GLOVER, told Heidi Brown, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER influenced her to publish a rant against TGO Realty on a Facebook page catering exclusively to property owners in The Great Outdoors community.

36.     Apparently proud of what he had done, DAVID GLOVER, while performing his duties as a sales associate for Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, sent a text message to TGO Realty broker associate Ann Patch West containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

37.     On or about October 17, 2017, in violation of the May 2, 2017, agreement to stop using TGO Realty's trade name and service mark, Flag Agency employee David Wehnau registered three new domain names on behalf of Flag Agency, including DSW-Homes.com, www.tgorealty.com and www.tgo-realty.com.

38.     After registration, each of these three domain names was used to redirect visitors to https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website.  This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert those customers to Flag Agency. Additionally, internet searches for "TGO Realty" using Google and other search engines would

6

produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

39.     Aware that this activity was unethical and unlawful, Flag Agency employees attempted to conceal the registration of the infringing domain names by entering into an agreement with Domains by Proxy, LLC, an entity that agreed to hide the identifying ICANN information regarding the registration of the domain names from disclosure to third parties, such as TGO Realty, for a fee.

40.     On or about October 27, 2017, TGO Realty discovered Flag Agency's efforts to mislead TGO Realty's customers, and potential customers.  However, at that time, Domains by Proxy, LLC had not yet provided the registration information with regard to the infringing domain names to TGO Realty, although it did provide a "relay" email address for TGO Realty to indirectly contact the registrant of the domain names.

41.     Employing the relay email address, TGO Realty demanded that the registrant, Flag Agency, immediately cease and desist any and all infringing uses of TGO Realty trade name and service mark.  Flag Agency was expressly notified that the registration of TGO Realty's trade name and service mark as a domain name violates Florida and federal law, including the Lanham Act, §§ 1125(a) and (d), United States Code.

42.     Demand was further made that Flag Agency, as registrant, cancel the unlawful registration of the domain names, or transfer the domain names to TGO Realty.  On that date, TGO Realty also requested that Domains by Proxy, LLC disclose the owner of the domain names, for further legal action.  Although Flag Agency removed the redirect for one of the websites at that time, it otherwise failed to comply with TGO Realty's demand.

43.     However, TGO Realty was ultimately able to determine that Flag Agency was responsible for the registration of the infringing domain names by serving a subpoena upon Domains by Proxy, LLC, who revealed the registration information relating to the infringing domain names.

44.     On January 26, 2018, TGO Realty made a third demand upon Flag Agency to

7

cease and desist its unlawful use of TGO Realty's trade name and service mark and for statutory damages. However, Defendant's failed to comply with Plaintiff's demand.

45.    To date, Defendants' unlawful conduct and slander has resulted in some 28 former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

46.    Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, were aware of the lies being told by their employee, and the actions of their employees David Wehnau and Glover, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

47.    DAVID GLOVER and David Wehnau's employer, and qualifying broker, have each failed to direct, control, or properly manage said employees in the performance of their duties, in violation of § 475.25(1)(u), and Florida law.

48.    Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker, are vicariously liable for DAVID GLOVER's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of DAVID GLOVER's defamatory statements, which resulted in additional business and commissions for Defendants.

49.    FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, as qualifying broker were made aware of the slanderous statements of DAVID GLOVER.  However, neither FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., nor PATRICK FLOYD CONNER took any steps to investigate or discipline DAVID GLOVER, or otherwise stop his defamatory statements about Plaintiff.

50.    On April 24, 2017, Chad P. Conner, of FLAG AGENCY, INC., acknowledged to Plaintiff that he was aware of the statements made by DAVID GLOVER that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants,

8

and was aware of DAVID GLOVER's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask DAVID GLOVER to provide them to him.

51.     Defendant, PATRICK FLOYD CONNER, as qualifying broker, is liable for DAVID GLOVER's defamatory statements directed against Plaintiff by virtue of his duties as qualifying broker at FLAG AGENCY, INC.

52.     All conditions precedent to this action have been performed, waived or excused.

**COUNT I**
Slander Per Se

53.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

54.     Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

55.     Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

56.     Certain of the falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by DAVID GLOVER would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

57.     A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

9

58. Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, DAVID GLOVER, has made against Plaintiff.

59. DAVID GLOVER's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

60. The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper

## COUNT II
### Slander Per Quod

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

62. Defendant, DAVID GLOVER has uttered false and defamatory statements about Plaintiff to third parties.

63. Defendant, DAVID GLOVER, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

64. The falsehoods uttered by DAVID GLOVER to third parties would, if true, be conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

65. The falsehoods uttered by DAVID GLOVER to third parties were intended by DAVID GLOVER to injure Plaintiff and were made with malice.

66.   Plaintiff has been damaged by DAVID GLOVER's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

67.   DAVID GLOVER's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

68.   The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

### COUNT III
Unfair Competition (Lanham Act)

69.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

70.   The use of TGO Realty's trade name and service mark is a violation of the Lanham Act where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Flag Agency, Inc. constitutes a false representation that its services come from TGO Realty.

71.   TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

72.   Defendant has used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and previously the confusingly similar domain name TGOHomes.com.

73.   Defendants used the infringing marks in commerce because after registration, each of these three domain names was used to redirect visitors to https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website. This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty

11

online, and divert those customers to Flag Agency. Additionally, internet searches for "TGO Realty" using Google and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

74.     Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT IV**
Trade Name and Service Mark Dilution, § 495.151, FLA. STAT. (2018)

75.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

76.     TGO Realty is the owner of the unregistered TGO Realty trade name and service mark, which is distinctive.

77.     FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER are business competitors with TGO Realty, and have used the TGO Realty trade name and service mark.

78.     Defendants' use of the TGO Realty trade name and service mark creates a likelihood of injury to TGO Realty's business reputation, and dilution of the trade name and service mark's distinctive quality.

79.     Defendants' use of the TGO Realty trade name and service mark decreases its commercial value to TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

<u>**COUNT V**</u>
Trade Name and Service Mark Infringement (Florida Common Law)

80.　Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

81.　The use of TGO Realty's unregistered trade name and service mark is a violation of Florida common law where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Defendants constitutes a false representation that Flag Agency's services come from TGO Realty.

82.　TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

83.　Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com.

84.　Defendants have used the infringing marks in commerce.

85.　Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

<u>**COUNT VI**</u>
Unfair Competition (Lanham Act)

86.　Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

87.　TGO Realty had prior rights in the TGO Realty trade name and service mark, and has used the same in commerce continuously since 1999.

13

88.     Defendants have adopted and used the same trade name and service mark, and confusingly similar names.

89.     Defendants' use of the TGO Realty trade name and service mark is likely to confuse consumers.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT VII**
Unfair Competition (Florida)

90.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

91.     TGO Realty is the prior user of the TGO Realty trade name and service mark.

92.     The TGO Realty trade name and service mark is arbitrary, suggestive, and has acquired secondary meaning as being associated with Plaintiff's business.

93.     Defendants have used the TGO Realty trade name and service mark and confusingly similar trade name and service marks to indicate or identify similar services Defendants offer in competition with Plaintiff, in the same trade area in which Plaintiff has already established its trade name and service mark.

94.     As a result of Defendants' actions, consumer confusion as to the source or sponsorship of Defendants' services is likely.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VIII
### Cyberpiracy, Lanham Act, 15 U.S.C. § 1125(d)

95.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

96.    The TGO Realty trade name and service mark is distinctive, famous, and entitled to protection.

97.    Defendants' domain names are identical or confusingly similar to the plaintiff's trade name and service mark.

98.    Defendants registered the domain names with the bad faith intent to profit from them.

99.    Defendants attempted to conceal their registration of the domain names, and Defendants' conduct was malicious, fraudulent, deliberate, and willful.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, attorney's fees, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT IX
### Permanent Injunction—Defamation

100.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 99 as if fully set forth herein.

101.    Defendants' acts of defamation will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

102.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

103.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

104.    It serves the public interest to protect businesses from unlawful defamation.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a.      falsely stating or publishing statements to others, in their trade or business, that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors;

and that:

b.      Plaintiff have and recover its costs in this suit; and that

c.      Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

## COUNT X
Permanent Injunction—Trade Name and Service Mark Infringement

105.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 99 as if fully set forth herein.

106.    Defendants' unlawful use of Plaintiff's trade name and service mark will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

107.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

108.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

109.    It serves the public interest to protect trade name and service marks from unlawful use and dilution, prevent confusion among the public, and unfair competition.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and prays that FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or in combination with other words or symbols, in any manner, in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of Defendants' services;

b. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or any facsimile of TGO Realty's trade name and service mark, alone or in combination with other words or symbols, in any manner, which causes, or is likely to cause, consumers to believe that any services of Defendants are provided by TGO Realty, or that Defendants have any connection with Plaintiff; U.S. T

c. filing applications for registration of or registering the TGO Realty trade name and service mark in any city, county, or state or with the United States or any foreign country;

d. representing to the public, directly or indirectly, that the services Defendants offer are the services of Plaintiff;

e. unfairly competing with Plaintiff by using the TGO Realty trade name and service mark, or any facsimile of Plaintiff's mark in the marketing of any of Defendants' services;

f. injuring Plaintiff's business reputation and diluting the distinctive quality and value of Plaintiff's trade name and service mark through the use of the TGO Realty trade name and service mark, or any other designation that is confusingly similar to Plaintiff's trade name and service mark, in any manner whatsoever in the marketing of any of Defendants' services;

and that:

g.      Plaintiff be awarded its attorneys' fees in view of the extraordinary nature of this case;

17

h.    Plaintiff have and recover its costs in this suit; and that

i.    Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

Dated: March 16, 2017

Respectfully submitted,

**LIAM P. KELLY, P.A.**
9719 South Dixie Highway, Suite 12
Pinecrest, Florida 33156
Telephone: (786) 515-2786
E-mail: lkelly@liamkellylaw.com

s/ Liam P. Kelly

By:_____
LIAM P. KELLY
Florida Bar No.: 0848867

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically pursuant to Rule 1.140(a)(4), and FLA. R. JUD. ADMIN. 2.516(b)(1), this October 12, 2018, upon:

Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, by and through their attorneys: James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907, jmyers@chartwelllaw.com, jteitelbaum@chartwelllaw.com, wpruneda@chartwelllaw.com; and

Nicolette C. Vilmos, Esq. Nicolette C. Vilmos, P.L., Broad and Cassel, LLP, Bank of America Center, 390 North Orange Ave, Suite 1400, Orlando, FL 32801, nvilmos@broadandcassel.com, dkalman@broadandcassel.com, choward@broadandcassel.com;

and upon Defendant, DAVID GLOVER, by and through his attorneys, Maurice Arcadier, Esq., Stephen Biggie, Esq., Joseph C. Wood, Esq., Ethan B. Babb, Esq., Arcadier, Biggie and Wood, PLLC, 2815 W. New Haven, Suite 304, Melbourne, Florida, 32904, office@wamalaw.com, arcadier@wamalaw.com.

/s/ Liam P. Kelly

_____

LIAM P. KELLY

18

Filing # 79778745 E-Filed 10/24/2018 10:02:45 AM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.

_____/

### NOTICE OF FILING SECOND AMENDED COMPLAINT (CORRECTED)

      Plaintiff, TGO REALTY, INC., pursuant to an order of said court of October 5, 2018, and Rule

1.140(a)(4) hereby files Plaintiff's Second Amended Complaint, and would state:

      1)      On October 5, 2018, the Court ordered Plaintiff to serve the Second Amended Complaint

attached to Motion for Leave to Supplement and Amend the Complaint as Exhibit "A."   Said order was

filed on October 12, 2018.

      2)      Due to a clerical error, Plaintiff did not file the Second Amended Complaint attached to

Plaintiff's Motion for Leave to Supplement and Amend the Complaint (which was originally served on

March 26, 2018) as Exhibit "A" to said Motion.  Instead, on October 12, 2018, Plaintiff filed and served

an incorrect, earlier draft of said Complaint, dated March 16, 2018.

      3)      To avoid any confusion, attached hereto as Exhibit "A," and served hereby a second time,

is the Second Amended Complaint that was originally attached to Plaintiff's Motion for Leave to

Supplement and Amend the Complaint, dated March 26, 2018, as Exhibit "A."

      4)      There is no prejudice to any party by this correction, as no party has yet responded to

Plaintiff's Second Amended Complaint, and all parties have had the March 26, 2018, version of Plaintiff's

Second Amended Complaint for nearly 7 months.

Dated: October 24, 2018

Respectfully submitted,

**LIAM P. KELLY, P.A.**
9719 South Dixie Highway, Suite 12
Village of Pinecrest, Florida 33156
Telephone: (786) 515-2786
E-mail:  lkelly@liamkellylaw.com

/s/ Liam P. Kelly

By:_____
LIAM P. KELLY
Florida Bar No.: 0848867

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically pursuant to Rule 1.140(a)(4), and FLA. R. JUD. ADMIN. 2.516(b)(1), this October 24, 2018, upon:

Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, by and through their attorneys: James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907, jmyers@chartwelllaw.com, jteitelbaum@chartwelllaw.com, wpruneda@chartwelllaw.com; and

Nicolette C. Vilmos, Esq. Nicolette C. Vilmos, P.L., Broad and Cassel, LLP, Bank of America Center, 390 North Orange Ave, Suite 1400, Orlando, FL 32801, nvilmos@broadandcassel.com, dkalman@broadandcassel.com, choward@broadandcassel.com;

and upon Defendant, DAVID GLOVER, by and through his attorneys, Maurice Arcadier, Esq., Stephen Biggie, Esq., Joseph C. Wood, Esq., Ethan B. Babb, Esq., Arcadier, Biggie and Wood, PLLC, 2815 W. New Haven, Suite 304, Melbourne, Florida, 32904, office@wamalaw.com, arcadier@wamalaw.com.

/s/ Liam P. Kelly
_____
LIAM P. KELLY

# EXHIBIT A

TGO REALTY INC VS DAVID GLOVER          05-2017-CA-034680-XXXX-XX

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

        Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

        Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, TGO REALTY, INC., by and through its undersigned counsel, hereby sues Defendants,

DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD

CONNER, and states:

### THE PARTIES

1.      Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a Florida for

profit real estate corporation, license no. CQ1002000, with its principal offices in Titusville, Florida.

2.      Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc. ("Flag Agency"),

is a Florida for profit real estate corporation, license no. CQ169900, with its principal offices in Titusville,

Florida.

3.      Defendant, DAVID GLOVER ("Glover"), an individual, currently holds a real estate

sales associate license issued August 30, 2016, no. SL3365318, is currently employed by Flag Agency, is

a resident of Titusville, Florida, and is otherwise *sui juris*.

5

4.      Due to the limitations of his license, Glover cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker, who is required to direct, control, and manage him in the conduct of his duties as an employee.

5.      Defendant, PATRICK FLOYD CONNER ("Conner"), an individual, is a real estate broker, license no. BK199779, is a resident of Titusville, Florida, and is otherwise *sui juris*. Conner is the qualifying broker for Flag Agency, as well as employees, David Wehnau, and Glover, among others.

## JURISDICTION AND VENUE

6.      This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

7.      The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and carry out a business or business venture within the state of Florida.

8.      Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

9.      State and federal courts have concurrent jurisdiction over Plaintiff's unfair competition, cyberpiracy, and other claims brought pursuant to the Lanham Act, 15 U.S.C. § 1125.

## FACTUAL BACKGROUND

10.     The Great Outdoors is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes.   The resort offers amenities such as a championship golf course, fine dining, pools, spas, and a fitness center.

11.     TGO Realty has been serving the local community continuously since 1995, and has exclusively used the "TGO Realty" trade name and service mark in its real estate business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.   The TGO Realty trade name and service mark is famous, and distinctive.

12.     TGO Realty has engaged in extensive and continuous advertising using the TGO Realty tradename and service mark, including print advertising, and online.

6

13.     The TGO Realty trade name and service mark is synonymous with Plaintiff's real estate business, and TGO Realty enjoys an unsurpassed and excellent business reputation with its customers, as well as its industry peers, as an ethical, first-in-class business, committed to the highest standards of professionalism.

14.     On August 30, 2016, Defendant, Glover became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

15.     During his employment with Island Living Real Estate, Glover attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

16.     Glover used improper and misleading signage and brochures in connection with his work as a sales associate with Island Living Real Estate, in violation of Florida Real Estate Commission ("FREC") rules, and Glover published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

17.     Island Living Real Estate personnel eventually discovered Glover's fraudulent and misleading conduct, and the pending litigation against him, and Glover's employment was terminated.  In said litigation, a final judgment was entered against Glover on July 21, 2017, in Brevard County Circuit Court, case no. 05-2017-CA-010768-XXXXXX, styled *Kenneth J. Wilson, et al. v. David Glover, et al.*

18.     After his termination from Island Living Real Estate, Glover was hired by Defendants, Flag Agency, and Conner, as his qualifying broker, to be a sales associate.

19.     Despite losing his job with Island Living Real Estate for improper conduct, Glover continued engaging in improper conduct with his new employer, Flag Agency, and Conner, his qualifying broker.

20.     Specifically, Glover began focusing on slandering TGO Realty in a deliberate and malicious manner to TGO Realty's customers, prospective customers, and to members and residents of The Great Outdoors community.

21.     While performing his duties as a sales associate for Flag Agency and Conner, Glover lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying

7

Defendants' yard signs and advertisements. Such conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a felony of the third degree.

22.      While performing his duties as a sales associate for Defendants, Flag Agency, and Conner, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers. Such conduct, if true, would be a criminal violation of § 475.42 FLA. STAT. (2017), and a felony of the third degree.

23.      On May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, did maliciously lie and tell a home seller, and others, that TGO Realty sales associates are not licensed.

24.      On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed and could not legally show properties for sale.

25.      On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

26.      On or about  April and May of 2017, TGO Realty discovered that Glover, on behalf of Flag Agency, Inc., was advertising Flag Agency's services using the domain name www.TGOHomes.com, a domain name confusingly similar to the TGO Realty trade name and service mark.

27.      Flag Agency, Inc. and Glover sought to unlawfully confuse and deceive potential customers of TGO Realty, and unlawfully profit from use of TGO Realty's trade name and service mark.

28.      Thereafter TGO Realty demanded, by and through counsel, that Flag Agency cease and desist any further use of any confusing combination of "TGO" and "Homes" in its advertising. In response, on or about May 2, 2017, Flag Agency agreed to thereafter stop using TGOHomes.com, or any similarly confusing combination of "TGO" and "Homes" in its advertising.

29.      Less than a month after Flag Agency agreed to stop its unfair competition against TGO

8

Realty, in June of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that Glover had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

30.     Glover also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

31.     In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn, and told her that he had chosen to list with Glover and Defendants after hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty. John Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list with Defendants, rather than TGO Realty.

32.     On April 24, 2017, Chad P. Conner, of Flag Agency, acknowledged to Plaintiff that he was aware of the statements made by Glover that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants, and was aware of Glover's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask Glover to provide them to him.

33.     In October of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told the owners of 474 Oak Cove Road in The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing signage belonging to Defendants, and unlawfully manipulating real estate transactions, to interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

34.     The malicious lies Glover, told Heidi Brown, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner influenced her to publish a rant against TGO Realty on a Facebook page catering to property owners in The Great Outdoors community.

35.     Apparently proud of what he had done, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, sent a text message to TGO Realty broker associate

9

Ann Patch West containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

36.    On or about October 17, 2017, in violation of the May 2, 2017, agreement to stop using TGO Realty's trade name and service mark, Flag Agency employee David Wehnau registered three new domain names on behalf of Flag Agency, including DSW-Homes.com, www.tgorealty.com and www.tgo-realty.com.

37.    After registration, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website.  This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert potential customers looking for TGO Realty to Flag Agency.  Additionally, internet searches for "TGO Realty" using Google and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

38.    Aware that this activity was unethical and unlawful, Flag Agency employees attempted to conceal the registration of the infringing domain names by entering into an agreement with Domains by Proxy, LLC, an entity that agreed to hide the identifying ICANN information regarding the registration of the domain names from disclosure to third parties, such as TGO Realty, for a fee.

39.    On or about October 27, 2017, TGO Realty discovered Flag Agency's efforts to mislead TGO Realty's customers, and potential customers.  However, at that time, Domains by Proxy, LLC had not yet provided the registration information with regard to the infringing domain names to TGO Realty, although it did provide a "relay" email address for TGO Realty to indirectly contact the registrant of the domain names.

40.    Employing the relay email address, provided by Domains by Proxy, LLC, TGO Realty demanded that the registrant immediately cease and desist any and all infringing uses of the TGO Realty trade name and service mark.  Inasmuch, the registrant, Flag Agency, was expressly notified that the registration of TGO Realty's trade name and service mark as a domain name violates Florida and federal law, including the Lanham Act, §§ 1125(a) and (d), United States Code.

41.     Demand was further made that Flag Agency, as registrant, cancel the unlawful registration of the domain names, or transfer the domain names to TGO Realty.  On that date, TGO Realty also requested that Domains by Proxy, LLC disclose the owner of the domain names, for further legal action.  Although Flag Agency removed the redirect for <u>one</u> of the domain names at that time, it otherwise failed to comply with TGO Realty's demand.

42.     However, TGO Realty was ultimately able to determine that Flag Agency was responsible for the registration of the infringing domain names by serving a subpoena upon Domains by Proxy, LLC, who revealed the registration information relating to the infringing domain names.

43.     On January 26, 2018, TGO Realty made a <u>third</u> demand upon Flag Agency to cease and desist its unlawful use of TGO Realty's trade name and service mark and for statutory damages. Although Flag Agency removed the remaining redirect for the websites upon receipt of the demand, it otherwise failed to comply.

44.     To date, Defendants' unlawful conduct and slander has resulted in some 28 known former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

45.     Defendants, Flag Agency, and Conner, as qualifying broker, were aware of the lies being told by their employee, and the actions of their employees David Wehnau and Glover, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

46.     Flag Agency and Conner, Glover and David Wehnau's employer, and qualifying broker, have each failed to direct, control, or properly manage said employees in the performance of their duties, in violation of § 475.25(1)(u), and Florida law.

47.     Defendants, Flag Agency, and Conner, as qualifying broker, are vicariously liable for Glover's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of Glover's defamatory statements, which resulted in additional business and commissions for Defendants.

11

48. Flag Agency, and Conner, as qualifying broker were made aware of the slanderous statements of Glover. However, neither Flag Agency, nor Conner took any steps to investigate or discipline Glover, or otherwise stop his defamatory statements about Plaintiff.

49. Defendant, Conner, as qualifying broker, is liable for Glover's defamatory statements directed against Plaintiff by virtue of his duties as qualifying broker at Flag Agency, and his employment of Glover.

50. All conditions precedent to this action have been performed, waived or excused. As a result of Defendants' actions, Plaintiff has been compelled to retain Liam Kelly and Liam P. Kelly, P.A. to represent it in this action, and is obligated to pay a reasonable fee for services rendered herein.

## COUNT I
### Slander Per Se (Florida Common Law)

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52. Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

53. Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

54. Certain of the falsehoods uttered by Glover to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by Glover would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

55. A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

12

56.     Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, Glover, has made against Plaintiff.

57.     Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

58.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper

## COUNT II
### Slander Per Quod (Florida Common Law)

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

60.     Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

61.     Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

62.     The falsehoods uttered by Glover to third parties would, if true, be conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

63.     The falsehoods uttered by Glover to third parties were intended by Glover to injure Plaintiff and were made with malice.

64.     Plaintiff has been damaged by Glover's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

13

65.     Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

66.     The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT III
### Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a))

67.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

68.     The use of TGO Realty's trade name and service mark is a violation of the Lanham Act where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Flag Agency, Inc. constitutes a false representation that its services come from TGO Realty.

69.     TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

70.     Defendant has used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and previously the confusingly similar domain name TGOHomes.com.

71.     Defendants used the infringing marks in commerce as, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website.  This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert those customers to Flag Agency.  Additionally, internet searches for "TGO Realty" using Google

14

and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

72.     Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, enhanced damages, Defendants' profits, costs, and attorney's fees pursuant to 15 U.S.C. § 1117(a), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

<u>COUNT IV</u>
Trade Name and Service Mark Dilution (Florida Anti-Dilution Statute, § 495.151)

73.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

74.     TGO Realty is the owner of the unregistered TGO Realty trade name and service mark, which is distinctive.

75.     Flag Agency, and Conner are business competitors with TGO Realty, and have used the TGO Realty trade name and service mark.

76.     Defendants' use of the TGO Realty trade name and service mark creates a likelihood of injury to TGO Realty's business reputation, and dilution of the trade name and service mark's distinctive quality.

77.     Defendants' use of the TGO Realty trade name and service mark decreases its commercial value to TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, and attorney's fees pursuant to § 495.141, Fla. Stat. (2018), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

15

## COUNT V
Trade Name and Service Mark Infringement (Florida Common Law)

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

79.     The use of TGO Realty's unregistered trade name and service mark is a violation of Florida common law where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Defendants constitutes a false representation that Flag Agency's services come from TGO Realty.

80.     TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

81.     Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com.

82.     Defendants have used the infringing marks in commerce.

83.     Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, Flag Agency, and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VI
Unfair Competition (Florida Common Law)

84.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

85.     TGO Realty is the prior user of the TGO Realty trade name and service mark.

86.     The TGO Realty trade name and service mark is arbitrary, suggestive, and has acquired secondary meaning as being associated with Plaintiff's business.

87.     Defendants have used the TGO Realty trade name and service mark and confusingly similar trade name and service marks to indicate or identify similar services Defendants offer in

16

competition with Plaintiff, in the same trade area in which Plaintiff has already established its trade name and service mark.

88.     As a result of Defendants' actions, consumer confusion as to the source or sponsorship of Defendants' services is likely.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT VII**
Cyberpiracy (Lanham Act, 15 U.S.C. § 1125(d))

89.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

90.     The TGO Realty trade name and service mark is distinctive, famous, and entitled to protection.

91.     Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com. Defendants' domain names are identical or confusingly similar to the plaintiff's trade name and service mark.

92.     Defendants registered the domain names with the bad faith intent to profit from them, as Defendants had no intellectual property rights in the TGO Realty trade name and service mark. TGO Realty is Plaintiff's legal and commonly used name. Defendants have unlawfully used the TGO Realty name as domain names with the intent to confuse consumers, and Defendants intended to divert consumers from Plaintiff's websites.

93.     Defendants attempted to conceal their registration of the domain names, and Defendants' conduct was malicious, fraudulent, deliberate, willful, and undertaken in bad faith and with intent to profit.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and

17

severally, for damages, enhanced damages, Defendant's profits, costs, and attorney's fees, pursuant to 15 U.S.C. § 1117(a), alternative, elective, statutory damages pursuant to 1125(d)(1), and injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

**COUNT VIII**
Permanent Injunction (Florida Common Law)

94.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

95.    Defendants' acts of defamation will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

96.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

97.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

98.    It serves the public interest to protect businesses from unlawful defamation.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a.    falsely stating or publishing statements to others, in their trade or business, that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in fictive tortious or criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for Defendants, when in fact they are not, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, or has improperly stopped consumers from buying properties at The Great Outdoors;

and that:

b.    Plaintiff have and recover its costs in this suit; and that

18

c.    Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

## COUNT IX

Permanent Injunction (Lanham Act, Florida Anti-Dilution Statute, Florida Common Law)

99.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

100.    Defendants' unlawful use of Plaintiff's trade name and service mark will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

101.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

102.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

103.    It serves the public interest to protect trade name and service marks from unlawful use and dilution, prevent confusion among the public, and unfair competition.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and prays that FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or in combination with other words or symbols, in any manner, in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of Defendants' services;

b. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or any facsimile of TGO Realty's trade name and service mark, alone or in combination with other words or symbols, in any manner, which causes, or is likely to cause, consumers to believe that any services of Defendants are provided by TGO Realty, or that Defendants have any connection with Plaintiff;

c. filing applications for registration of or registering the TGO Realty trade name and service mark in any city, county, or state or with the United States or any foreign country;

19

d. representing to the public, directly or indirectly, that the services Defendants offer are the services of Plaintiff;

e. unfairly competing with Plaintiff by using the TGO Realty trade name and service mark, or any facsimile of Plaintiff's mark in the marketing of any of Defendants' services;

f. injuring Plaintiff's business reputation and diluting the distinctive quality and value of Plaintiff's trade name and service mark through the use of the TGO Realty trade name and service mark, or any other designation that is confusingly similar to Plaintiff's trade name and service mark, in any manner whatsoever in the marketing of any of Defendants' services;

g. filing applications for registration of, or registering the TGO Realty trade name and service mark as a domain name;

and that:

h. Defendants be ordered to transfer, at their expense, the registered domain names www.tgorealty.com, www.tgo-realty.com, and, TGOHomes.com, to Plaintiff;

i. Plaintiff be awarded its attorneys' fees in view of the extraordinary nature of this case, pursuant to 15 U.S.C. § 1117(a) and § 495.141, Fla. Stat. (2018);

j. Plaintiff have and recover its costs in this suit; and that

k. Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

Dated: March 26, 2018

Respectfully submitted,

**LIAM P. KELLY, P.A.**
9719 South Dixie Highway, Suite 12
Pinecrest, Florida 33156
Telephone: (786) 515-2786
E-mail:  lkelly@liamkellylaw.com

s/ Liam P. Kelly
By:_____
LIAM P. KELLY
Florida Bar No.: 0848867

20

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this March 26, 2018 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907 and upon Defendant, DAVID GLOVER, c/o Shannan Field, Esq., 1079 Cheney Highway, Titusville, FL 32780.

s/ Liam P. Kelly
_____
LIAM P. KELLY

21