IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 05-2017-CA-034680

TGO REALTY, INC., a Florida
for profit real estate corporation,

      Plaintiff,

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

      Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, TGO REALTY, INC., by and through its undersigned counsel, hereby sues Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and states:

### THE PARTIES

1. Plaintiff, TGO REALTY, INC. (hereafter, "TGO Realty" or "Plaintiff"), is a Florida for profit real estate corporation, license no. CQ1002000, with its principal offices in Titusville, Florida.

2. Defendant, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc. ("Flag Agency"), is a Florida for profit real estate corporation, license no. CQ169900, with its principal offices in Titusville, Florida.

3. Defendant, DAVID GLOVER ("Glover"), an individual, currently holds a real estate sales associate license issued August 30, 2016, no. SL3365318, is currently employed by Flag Agency, is a resident of Titusville, Florida, and is otherwise *sui juris*.

4. Due to the limitations of his license, Glover cannot engage in the business of real estate brokerage or sales without the supervision of a qualifying broker, who is required to direct, control, and manage him in the conduct of his duties as an employee.

5. Defendant, PATRICK FLOYD CONNER ("Conner"), an individual, is a real estate broker, license no. BK199779, is a resident of Titusville, Florida, and is otherwise *sui juris*. Conner is the qualifying broker for Flag Agency, as well as employees, David Wehnau, and Glover, among others.

## JURISDICTION AND VENUE

6. This is an action for damages in excess of $15,000.00, and is within the jurisdictional limits of the Court.

7. The Court has personal jurisdiction over Defendants pursuant to § 48.193(1)(a) FLA. STAT. (2017) because Defendants operate, conduct, engage in and carry out a business or business venture within the state of Florida.

8. Venue is proper in Brevard County, Florida in accordance with §§ 47.011 and 47.051 FLA. STAT. (2017), because the causes of action alleged herein accrued in Brevard County, Florida, and because Defendants are residents of Brevard County, Florida.

9. State and federal courts have concurrent jurisdiction over Plaintiff's unfair competition, cyberpiracy, and other claims brought pursuant to the Lanham Act, 15 U.S.C. § 1125.

## FACTUAL BACKGROUND

10. The Great Outdoors is a 2,800 acre premier recreational vehicle, golf, and nature resort, offering recreational vehicle parking sites, ports, park homes, and resort homes. The resort offers amenities such as a championship golf course, fine dining, pools, spas, and a fitness center.

11. TGO Realty has been serving the local community continuously since 1995, and has exclusively used the "TGO Realty" trade name and service mark in its real estate business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc. The TGO Realty trade name and service mark is famous, and distinctive.

12. TGO Realty has engaged in extensive and continuous advertising using the TGO Realty tradename and service mark, including print advertising, and online.

13. The TGO Realty trade name and service mark is synonymous with Plaintiff's real estate business, and TGO Realty enjoys an unsurpassed and excellent business reputation with its customers, as well as its industry peers, as an ethical, first-in-class business, committed to the highest standards of professionalism.

14. On August 30, 2016, Defendant, Glover became licensed as a real estate sales associate in Florida, and was hired by Island Living Real Estate to work as an employee sales associate.

15. During his employment with Island Living Real Estate, Glover attempted to fraudulently pass himself off as an employee of TGO Realty when dealing with third parties to wrongfully appropriate, and benefit from, Plaintiff's goodwill and excellent reputation.

16. Glover used improper and misleading signage and brochures in connection with his work as a sales associate with Island Living Real Estate, in violation of Florida Real Estate Commission ("FREC") rules, and Glover published false and misleading advertisements, claiming to be "The only Licensed Realtor in TGO!"

17. Island Living Real Estate personnel eventually discovered Glover's fraudulent and misleading conduct, and the pending litigation against him, and Glover's employment was terminated. In said litigation, a final judgment was entered against Glover on July 21, 2017, in Brevard County Circuit Court, case no. 05-2017-CA-010768-XXXXXX, styled *Kenneth J. Wilson, et al. v. David Glover, et al.*

18. After his termination from Island Living Real Estate, Glover was hired by Defendants, Flag Agency, and Conner, as his qualifying broker, to be a sales associate.

19. Despite losing his job with Island Living Real Estate for improper conduct, Glover continued engaging in improper conduct with his new employer, Flag Agency, and Conner, his qualifying broker.

20. Specifically, Glover began focusing on slandering TGO Realty in a deliberate and malicious manner to TGO Realty's customers, prospective customers, and to members and residents of The Great Outdoors community.

21. While performing his duties as a sales associate for Flag Agency and Conner, Glover lied to third parties, and maliciously told them that he had a photograph, or sometimes photographs, taken by him surreptitiously with a "trail camera," of TGO Realty personnel unlawfully removing or destroying

Defendants' yard signs and advertisements. Such conduct, if true, would be criminal mischief, a violation of § 806.13 FLA. STAT. (2017), and a felony of the third degree.

22. While performing his duties as a sales associate for Defendants, Flag Agency, and Conner, DAVID GLOVER lied to third parties, and maliciously told them that TGO Realty personnel are not licensed to work as real estate sales associates or brokers, and could not legally show properties to buyers. Such conduct, if true, would be a criminal violation of § 475.42 FLA. STAT. (2017), and a felony of the third degree.

23. On May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, did maliciously lie and tell a home seller, and others, that TGO Realty sales associates are not licensed.

24. On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob Baber, a potential buyer viewing property at The Great Outdoors, that TGO Realty sales associates are not licensed and could not legally show properties for sale.

25. On or about May 29, 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Bob and Vicki Baber that TGO Realty improperly interferes with sales and improperly stops people from buying properties at The Great Outdoors.

26. On or about April and May of 2017, TGO Realty discovered that Glover, on behalf of Flag Agency, Inc., was advertising Flag Agency's services using the domain name www.TGOHomes.com, a domain name confusingly similar to the TGO Realty trade name and service mark.

27. Flag Agency, Inc. and Glover sought to unlawfully confuse and deceive potential customers of TGO Realty, and unlawfully profit from use of TGO Realty's trade name and service mark.

28. Thereafter TGO Realty demanded, by and through counsel, that Flag Agency cease and desist any further use of any confusing combination of "TGO" and "Homes" in its advertising. In response, on or about May 2, 2017, Flag Agency agreed to thereafter stop using TGOHomes.com, or any similarly confusing combination of "TGO" and "Homes" in its advertising.

29. Less than a month after Flag Agency agreed to stop its unfair competition against TGO

Realty, in June of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told Eddie Hammond, Head of Courtesy Patrol and Compliance Officer, that TGO Realty was not in compliance with real estate regulations, that Glover had several photographs of a TGO Realty employee removing and destroying "for sale" signs belonging to Defendants, and that TGO Realty had taken improper actions to keep Defendants from coming onto The Great Outdoors to sell property.

30. Glover also falsely told Eddie Hammond that he had been approached by 2 or 3 TGO Realty agents who wanted to come to work for him, rather than Plaintiff.

31. In early 2017, TGO property owner John Lynch emailed TGO Realty agent Ann Henn, and told her that he had chosen to list with Glover and Defendants after hearing Defendants' lies about Defendants' signs being destroyed or removed by TGO Realty. John Lynch felt that TGO Realty was responsible for those actions, which persuaded him to list with Defendants, rather than TGO Realty.

32. On April 24, 2017, Chad P. Conner, of Flag Agency, acknowledged to Plaintiff that he was aware of the statements made by Glover that he had photographs of Plaintiff's personnel destroying or taking signs and advertisements belonging to Defendants, and was aware of Glover's animosity toward TGO Realty, but he had never actually seen any such photographs, nor did he investigate the matter or ask Glover to provide them to him.

33. In October of 2017, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, maliciously lied and told the owners of 474 Oak Cove Road in The Great Outdoors, including Heidi Brown, Thomas Brown, and Joan Brown, that TGO Realty had illegally engaged in illegal tortious conduct in conducting its business, including vandalizing signage belonging to Defendants, and unlawfully manipulating real estate transactions, to interfere with Defendants' attempts to sell the 474 Oak Cove Road property.

34. The malicious lies Glover, told Heidi Brown, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner influenced her to publish a rant against TGO Realty on a Facebook page catering to property owners in The Great Outdoors community.

35. Apparently proud of what he had done, Glover, while performing his duties as a sales associate for Defendants, Flag Agency, and Conner, sent a text message to TGO Realty broker associate

Ann Patch West containing the substance of the rant Heidi Brown published against TGO Realty on Facebook.

36. On or about October 17, 2017, in violation of the May 2, 2017, agreement to stop using TGO Realty's trade name and service mark, Flag Agency employee David Wehnau registered three new domain names on behalf of Flag Agency, including DSW-Homes.com, www.tgorealty.com and www.tgo-realty.com.

37. After registration, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website. This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert potential customers looking for TGO Realty to Flag Agency. Additionally, internet searches for "TGO Realty" using Google and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

38. Aware that this activity was unethical and unlawful, Flag Agency employees attempted to conceal the registration of the infringing domain names by entering into an agreement with Domains by Proxy, LLC, an entity that agreed to hide the identifying ICANN information regarding the registration of the domain names from disclosure to third parties, such as TGO Realty, for a fee.

39. On or about October 27, 2017, TGO Realty discovered Flag Agency's efforts to mislead TGO Realty's customers, and potential customers. However, at that time, Domains by Proxy, LLC had not yet provided the registration information with regard to the infringing domain names to TGO Realty, although it did provide a "relay" email address for TGO Realty to indirectly contact the registrant of the domain names.

40. Employing the relay email address, provided by Domains by Proxy, LLC, TGO Realty demanded that the registrant immediately cease and desist any and all infringing uses of the TGO Realty trade name and service mark. Inasmuch, the registrant, Flag Agency, was expressly notified that the registration of TGO Realty's trade name and service mark as a domain name violates Florida and federal law, including the Lanham Act, §§ 1125(a) and (d), United States Code.

41. Demand was further made that Flag Agency, as registrant, cancel the unlawful registration of the domain names, or transfer the domain names to TGO Realty. On that date, TGO Realty also requested that Domains by Proxy, LLC disclose the owner of the domain names, for further legal action. Although Flag Agency removed the redirect for <u>one</u> of the domain names at that time, it otherwise failed to comply with TGO Realty's demand.

42. However, TGO Realty was ultimately able to determine that Flag Agency was responsible for the registration of the infringing domain names by serving a subpoena upon Domains by Proxy, LLC, who revealed the registration information relating to the infringing domain names.

43. On January 26, 2018, TGO Realty made a <u>third</u> demand upon Flag Agency to cease and desist its unlawful use of TGO Realty's trade name and service mark and for statutory damages. Although Flag Agency removed the remaining redirect for the websites upon receipt of the demand, it otherwise failed to comply.

44. To date, Defendants' unlawful conduct and slander has resulted in some 28 known former or prospective customers of TGO Realty, with a combined $4,883,650.00 in real estate business, choosing to list with Defendants, rather than Plaintiff.

45. Defendants, Flag Agency, and Conner, as qualifying broker, were aware of the lies being told by their employee, and the actions of their employees David Wehnau and Glover, but benefitted from the conduct, and ratified the same, as customers of TGO Realty began to use Defendants, rather than Plaintiff, for their needs.

46. Flag Agency and Conner, Glover and David Wehnau's employer, and qualifying broker, have each failed to direct, control, or properly manage said employees in the performance of their duties, in violation of § 475.25(1)(u), and Florida law.

47. Defendants, Flag Agency, and Conner, as qualifying broker, are vicariously liable for Glover's defamatory statements directed against Plaintiff as the statements were done in the course and scope of his employment, to further a purpose and interest of Defendants, and were ratified by Defendants, who accepted the benefits of Glover's defamatory statements, which resulted in additional business and commissions for Defendants.

48. Flag Agency, and Conner, as qualifying broker were made aware of the slanderous statements of Glover. However, neither Flag Agency, nor Conner took any steps to investigate or discipline Glover, or otherwise stop his defamatory statements about Plaintiff.

49. Defendant, Conner, as qualifying broker, is liable for Glover's defamatory statements directed against Plaintiff by virtue of his duties as qualifying broker at Flag Agency, and his employment of Glover.

50. All conditions precedent to this action have been performed, waived or excused. As a result of Defendants' actions, Plaintiff has been compelled to retain Liam Kelly and Liam P. Kelly, P.A. to represent it in this action, and is obligated to pay a reasonable fee for services rendered herein.

## COUNT I
### Slander Per Se (Florida Common Law)

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52. Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

53. Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

54. Certain of the falsehoods uttered by Glover to third parties would, if true, be conduct constituting criminal offenses amounting to a felony, and all of the falsehoods told by Glover would constitute conduct, characteristics or a condition incompatible with the proper exercise of the lawful business, trade, and profession of Plaintiff.

55. A person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor. Any person who does so commits a felony of the third degree.

56. Malice and the occurrence of damages are both presumed by law from the nature of the defamation of Defendant, Glover, has made against Plaintiff.

57. Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

58. The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper

## COUNT II
Slander Per Quod (Florida Common Law)

59. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

60. Defendant, Glover has uttered false and defamatory statements about Plaintiff to third parties.

61. Defendant, Glover, has falsely told third parties that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in tortious and criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for him, that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, and improperly stopping people from buying properties at The Great Outdoors.

62. The falsehoods uttered by Glover to third parties would, if true, be conduct that would tend to prejudice Plaintiff in its reputation, office, trade, business, or means of livelihood.

63. The falsehoods uttered by Glover to third parties were intended by Glover to injure Plaintiff and were made with malice.

64. Plaintiff has been damaged by Glover's false statements to third parties in that Plaintiff has lost business, goodwill, and commissions.

13

65. Glover's false statements to third parties, if allowed to continue, will cause irreparable harm to Plaintiff, for which Plaintiff would have no adequate remedy at law.

66. The public interest would be served by an injunction prohibiting further defamation by Defendants against TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

### COUNT III
Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a))

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

68. The use of TGO Realty's trade name and service mark is a violation of the Lanham Act where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Flag Agency, Inc. constitutes a false representation that its services come from TGO Realty.

69. TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

70. Defendant has used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and previously the confusingly similar domain name TGOHomes.com.

71. Defendants used the infringing marks in commerce as, each of these three domain names was used to redirect visitors to Flag Agency websites and domains, including https://dsw-homes.c21.com, a Flag Agency and Century 21 Real Estate, LLC domain, hosting a Flag Agency website. This was all done in an effort to unlawfully and intentionally confuse customers searching for TGO Realty online, and divert those customers to Flag Agency. Additionally, internet searches for "TGO Realty" using Google

14

and other search engines would produce links showing the TGO Realty trade name and service mark, which, when clicked, would take users to a Flag Agency website.

72. Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, enhanced damages, Defendants' profits, costs, and attorney's fees pursuant to 15 U.S.C. § 1117(a), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT IV
Trade Name and Service Mark Dilution (Florida Anti-Dilution Statute, § 495.151)

73. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

74. TGO Realty is the owner of the unregistered TGO Realty trade name and service mark, which is distinctive.

75. Flag Agency, and Conner are business competitors with TGO Realty, and have used the TGO Realty trade name and service mark.

76. Defendants' use of the TGO Realty trade name and service mark creates a likelihood of injury to TGO Realty's business reputation, and dilution of the trade name and service mark's distinctive quality.

77. Defendants' use of the TGO Realty trade name and service mark decreases its commercial value to TGO Realty.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, and attorney's fees pursuant to § 495.141, Fla. Stat. (2018), injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT V
### Trade Name and Service Mark Infringement (Florida Common Law)

78. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

79. The use of TGO Realty's unregistered trade name and service mark is a violation of Florida common law where, as here, the trade name and service mark is so associated with TGO Realty's services that the use of the TGO Realty trade name and service mark by Defendants constitutes a false representation that Flag Agency's services come from TGO Realty.

80. TGO Realty's use of the TGO Realty trade name and service mark has priority as TGO Realty has continuously used the TGO Realty trade name and service mark in its business since 1999, when Plaintiff changed its registered corporate name to TGO Realty, Inc.

81. Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com.

82. Defendants have used the infringing marks in commerce.

83. Defendant's use of the TGO Realty trade name and service mark is likely to cause consumer confusion.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, Flag Agency, and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VI
### Unfair Competition (Florida Common Law)

84. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

85. TGO Realty is the prior user of the TGO Realty trade name and service mark.

86. The TGO Realty trade name and service mark is arbitrary, suggestive, and has acquired secondary meaning as being associated with Plaintiff's business.

87. Defendants have used the TGO Realty trade name and service mark and confusingly similar trade name and service marks to indicate or identify similar services Defendants offer in

16

competition with Plaintiff, in the same trade area in which Plaintiff has already established its trade name and service mark.

88. As a result of Defendants' actions, consumer confusion as to the source or sponsorship of Defendants' services is likely.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and severally, for damages, costs, injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VII
### Cyberpiracy (Lanham Act, 15 U.S.C. § 1125(d))

89. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

90. The TGO Realty trade name and service mark is distinctive, famous, and entitled to protection.

91. Defendants have used the TGO Realty trade name and service mark in commerce by registering domain names using the trade name and service mark, www.tgorealty.com and www.tgo-realty.com, and, previously, the confusingly similar domain name TGOHomes.com. Defendants' domain names are identical or confusingly similar to the plaintiff's trade name and service mark.

92. Defendants registered the domain names with the bad faith intent to profit from them, as Defendants had no intellectual property rights in the TGO Realty trade name and service mark. TGO Realty is Plaintiff's legal and commonly used name. Defendants have unlawfully used the TGO Realty name as domain names with the intent to confuse consumers, and Defendants intended to divert consumers from Plaintiff's websites.

93. Defendants attempted to conceal their registration of the domain names, and Defendants' conduct was malicious, fraudulent, deliberate, willful, and undertaken in bad faith and with intent to profit.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, jointly and

severally, for damages, enhanced damages, Defendant's profits, costs, and attorney's fees, pursuant to 15 U.S.C. § 1117(a), alternative, elective, statutory damages pursuant to 1125(d)(1), and injunctive relief, any such other and further relief as the Court deems just, equitable and proper.

## COUNT VIII
### Permanent Injunction (Florida Common Law)

94. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

95. Defendants' acts of defamation will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

96. Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

97. Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

98. It serves the public interest to protect businesses from unlawful defamation.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, DAVID GLOVER, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a. falsely stating or publishing statements to others, in their trade or business, that Plaintiff is not licensed to perform its real estate business, that Plaintiff can not legally show properties, that Plaintiff has engaged in fictive tortious or criminal acts, such as removing and destroying Defendants' advertisements and signage, that Plaintiff's employees are secretly trying to leave Plaintiff to work for Defendants, when in fact they are not, and that Plaintiff has engaged unfair methods of competition, such as unlawful interference with sales, or has improperly stopped consumers from buying properties at The Great Outdoors;

and that:

b. Plaintiff have and recover its costs in this suit; and that

c.    Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

## COUNT IX
Permanent Injunction (Lanham Act, Florida Anti-Dilution Statute, Florida Common Law)

99.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

100.    Defendants' unlawful use of Plaintiff's trade name and service mark will cause Plaintiff to suffer irreparable harm, including lost business and goodwill.

101.    Plaintiff has a clear legal right to a permanent injunction, and Plaintiff's injury outweighs any harm to Defendants in granting an injunction.

102.    Damages would not be an adequate remedy for the harms caused by Defendants to Plaintiff.

103.    It serves the public interest to protect trade name and service marks from unlawful use and dilution, prevent confusion among the public, and unfair competition.

WHEREFORE, Plaintiff, TGO REALTY, INC. demands judgment against Defendants, FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, and prays that FLAG AGENCY, INC., d/b/a Century 21 Flag Agency, Inc., and PATRICK FLOYD CONNER, their officers, agents, servants, employees, and attorneys, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

a. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or in combination with other words or symbols, in any manner, in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of Defendants' services;

b. using the TGO Realty trade name and service mark, or any confusingly similar mark, alone or any facsimile of TGO Realty's trade name and service mark, alone or in combination with other words or symbols, in any manner, which causes, or is likely to cause, consumers to believe that any services of Defendants are provided by TGO Realty, or that Defendants have any connection with Plaintiff;

c. filing applications for registration of or registering the TGO Realty trade name and service mark in any city, county, or state or with the United States or any foreign country;

d. representing to the public, directly or indirectly, that the services Defendants offer are the services of Plaintiff;

e. unfairly competing with Plaintiff by using the TGO Realty trade name and service mark, or any facsimile of Plaintiff's mark in the marketing of any of Defendants' services;

f. injuring Plaintiff's business reputation and diluting the distinctive quality and value of Plaintiff's trade name and service mark through the use of the TGO Realty trade name and service mark, or any other designation that is confusingly similar to Plaintiff's trade name and service mark, in any manner whatsoever in the marketing of any of Defendants' services;

g. filing applications for registration of, or registering the TGO Realty trade name and service mark as a domain name;

and that:

h. Defendants be ordered to transfer, at their expense, the registered domain names www.tgorealty.com, www.tgo-realty.com, and, TGOHomes.com, to Plaintiff;

i. Plaintiff be awarded its attorneys' fees in view of the extraordinary nature of this case, pursuant to 15 U.S.C. § 1117(a) and § 495.141, Fla. Stat. (2018);

j. Plaintiff have and recover its costs in this suit; and that

k. Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

Dated: March 26, 2018

        Respectfully submitted,

        LIAM P. KELLY, P.A.
        9719 South Dixie Highway, Suite 12
        Pinecrest, Florida 33156
        Telephone: (786) 515-2786
        E-mail: lkelly@liamkellylaw.com

            s/ Liam P. Kelly
By:_____
        LIAM P. KELLY
        Florida Bar No.: 0848867

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on this March 26, 2018 upon: Defendants, FLAG AGENCY, INC., and PATRICK FLOYD CONNER, c/o James R. Myers, Esq. and Jessica A. Teitelbaum, Esq., The Chartwell Law Offices, LLP, 12486 Brantley Commons Court, Fort Myers, FL 33907 and upon Defendant, DAVID GLOVER, c/o Shannan Field, Esq., 1079 Cheney Highway, Titusville, FL 32780.

s/ Liam P. Kelly
_____
LIAM P. KELLY