UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TGO REALTY, INC., a Florida
for profit real estate corporation,

     Plaintiff,                              Case No.: 6:18-cv-1867-Orl-31DCI

v.

DAVID GLOVER, an individual, and
FLAG AGENCY, INC., d/b/a Century 21
Flag Agency, Inc., a Florida for profit
real estate corporation, and PATRICK F. CONNER,
an individual,

     Defendants.

_____/

**CASE MANAGEMENT REPORT**

     **The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motions to Add Parties or to Amend Pleadings** | **2/25/2019** |
| **Disclosure of Expert ReportsPlaintiff/Burden Party:** | **11/9/2019** |
| **Defendant:** | **12/9/2019** |
| **Discovery Deadline** | **2/7/2020** |
| **Dispositive Motions** | **3/9/2020** |
| ***Daubert* Motions** | **4/6/2020** |
| **MediationDeadline:** | **December, 2019** |
| **Mediator:** | |
| **Address:** | |
| **Telephone:** | |

1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | **6/5/2020** |
| **Joint Final Pretrial Statement** | **6/15/2020** |
| **All Other Motions Including Motions *In Limine*** | **June, 2020** |
| **Final Pretrial Conference** | **July, 2020** |
| **Trial Term Begins** | **August, 2020** |
| **Estimated Length of Trial  [trial days]** | **4 days** |
| **Jury / Non-Jury** | **Non-jury** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____  No____** |
|  | **Likely to Agree in Future ___x__** |

I.        **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting

otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a

different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in

person on December 19, 2018 at 10:00 a.m. (time) at Nelson Mullins  (place) and was attended

by:

        Name                                Counsel for (if applicable)

Liam P. Kelly, Esq.                      Plaintiff, TGO Realty, Inc.

Nicollete C. Vilmos, Esq.          Defendants, Flag Agency, Inc. and Patrick F. Conner

Ethan B. Babb, Esq.                     Defendant, David Glover

---

[1]        A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

II.     **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, provides that these disclosures are mandatory in Track Two and Track

Three cases, except as stipulated by the parties or otherwise ordered by the Court.

The parties ____ have exchanged _x___ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on      XX     by      (check one)          1/18/2019(date).

Below is a description of information disclosed or scheduled for disclosure.


III.    **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically

stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in

Section II above, and agree that (check one):

__no party anticipates the disclosure or discovery of ESI in this case;

XX__one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the

following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.  **Emails discussed to be

produced in native or PDF format (static image). Spreadsheets discussed to be produced in native

format.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including

specification of the topics for such discovery and the time period for which discovery will be

---

[2]          See Generally:  *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

3

sought.  ** Plaintiff expects to request emails, text messages, HTML documents and social media posts.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.  **not expected to be sought.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.  Any issues relating to preservation of discoverable ESI.  **The parties discussed stipulation that parties and corporate parties will advise all agents and employees of litigation hold for materials, emails, texts, social media posts, versions of websites posted to TGO Realty domain names, GoDaddy/Domains by Proxy/AOL account information, from 8/30/16 to present.

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements. ** Parties discussed confidentiality agreement for customer lists.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

4

Please state if there are any areas of disagreement on these issues and if so, summarize

the parties' positions on each:

_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule

16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a

non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to

have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed**

**pursuant to Rule 16(a), Fed.R.Civ.P.**

XX___all parties agree that a hearing is not needed at this time because they expect to be

able to promptly resolve these disputes without assistance of the Court.

IV.    **Agreed Discovery Plan for Plaintiffs and Defendants**

A.    **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party

movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate

Disclosure Statement using a mandatory form.  No party may seek discovery from any source

before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.

A motion, memorandum, response, or other paper  —  including emergency motion  —  is

5

subject to being denied or stricken unless the filing party has previously filed and served its

Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not

already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of

Interested Persons and Corporate Disclosure Statement, which remains current:

_XX_____     Yes

_____     No                                    Amended Certificate will be filed by

_____ (party) on or before

_____ (date).      B.Discovery Not Filed —

**B.      Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local

Rule 3.03.   The Court encourages the exchange of discovery requests on diskette.  *See* Local

Rule 3.03 (f).  The parties further agree as follows:

**C.      Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per

party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of

Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.

Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each

deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by

stipulation on other limits on discovery.   The Court will consider the parties' agreed dates,

deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the

deadlines in the above table, the parties have agreed to further limit discovery as follows:

           1.        Depositions

** Plaintiff believes it may need additional depositions, due to the nature of the defamation claims and fact witnesses with knowledge of defamatory statements.  Plaintiff proposes that the limit be increased to fifteen (15) per side.

           2.        Interrogatories

           3.        Document Requests

           4.        Requests to Admit

           5.        Supplementation of Discovery

**D.**       **Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**E.**       **Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

7

**F.      Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**G.      Other Matters Regarding Discovery —**

**V.      Settlement and Alternative Dispute Resolution.**

        **A.      Settlement —**

        The parties agree that settlement is

      _____  likely ___XX___  unlikely               (check one)

        The parties request a settlement conference before a United States Magistrate

Judge.

    _XX__   yes          _____no_____likely to request in future

        **B.      Arbitration —**

        The Local Rules no longer designate cases for automatic arbitration, but the

parties may elect arbitration in any case.  Do the parties agree to arbitrate?

    _____ yes                _XX__no                ___ likely to agree in future

_____ Binding                        _____Non-Binding

        **C.**                          **Mediation —**

        The parties in every case will participate in Court-annexed mediation as detailed

in Chapter Nine of the Court's Local Rules.  The parties should select a mediator from the

Court's approved list of mediators and indicate that selection in the table above.  The list of

mediators is available from the Clerk, and is posted on the Court's web site at http://

www.flmd.uscourts.gov.  If the parties fail to designate a mediator in the table above, the Court

will select the mediator for this case.

        **D.      Other Alternative Dispute Resolution —**

        The parties intend to pursue the following other methods of alternative dispute resolution:

9

**Date:** _____

**Signature of Counsel (*with information required* by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

_____          _____

_____          _____

_____          _____

*/s/ Liam P. Kelly*
Liam P. Kelly
Fla. Bar No. 0848867
Liam P. Kelly, P.A.
9719 S. Dixie HWY, #12
Village of Pinecrest, FL 33156
(786) 515-2786
lkelly@liamkellylaw.com
Attorney for Plaintiff, TGO Realty, Inc.

*/s/ Ethan B. Babb*
Ethan B. Babb, Esquire
Florida Bar Number: 127488
Arcadier, Biggie & Wood, PLLC
2815 W. New Haven Ave., Suite 304
Melbourne, FL 32904
Telephone: (321) 953-5998
Facsimile: (321) 953-6075
E-Mail: office@wamalaw.com
*Attorney for Defendant, DAVID GLOVER*

10